Arthur M. Lee, Respondent, *v.* Stanley P. Woodward, Appellant.

(Argued March 22, 1932; decided April 26, 1932.)

*William L. Wemple* and *Daniel J. McMahon* for appellant. The evidence compels a judgment for the defendant, as a matter of law. (*Sibbald* v. *Bethlehem Steel Co.,* 83 N. Y. 378; *Amies* v. *Wesnofski,* 255 N. Y. 156.)

*Henry Waldman* and *Joseph G. Abramson* for respondent. Plaintiff, having been asked by defendant to step out of the negotiations, cannot be denied his commissions

on the ground that plaintiff took no part in the subsequent negotiations. (*Sibbald* v. *Bethlehem Steel Co.*, 83 N. Y. 378; *Lord* v. *United States Transportation Co.*, 143 App. Div. 437; *Ware* v. *Kerwin*, 24 App. Div. 198.)

*Per Curiam.* The evidence presented by the plaintiff might be sufficient to show that negotiations which he initiated as broker were the procuring cause of the sale to a syndicate of which the defendant was a member. Even so, a broker who is the procuring cause of a sale is entitled to no commission from the buyer unless the buyer has employed him and agreed, expressly or impliedly, to pay compensation for his services. Here the plaintiff initiated negotiations with the defendant for the purchase of the stock after the plaintiff had been employed by the owner of the stock to sell it. The defendant, with knowledge of the broker's employment by the seller, agreed to pay him $25,000 for his services in procuring an option on the stock, " provided such option or call be exercised by defendant or his nominee." The plaintiff procured such an option from the seller with knowledge on the part of the seller that the plaintiff was acting as broker for both parties. The option was never exercised by the defendant, and the sale, negotiated after the option had come to an end, was not the fruit of the original option. On the contrary, though the sale was arranged with a person originally associated with the defendant in negotiations preliminary to the exercise of the option, it was arranged only after the seller had become weary of negotiations with the defendant as the holder of the option and had refused to continue them. The defendant's participation in the subsequent purchase was due solely to the insistence of the person with whom the sale was arranged that he was free to choose his own associates in the purchase. The option was then no longer in existence, and constituted no factor in the negotiations of purchase and sale. Thus the

plaintiff has failed to show that the stipulated contingency has arisen upon which he was to receive compensation for his services. A different problem would be presented if the sale as arranged had been the result of the option, though on terms more favorable to the holder of the option.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. (See 259 N. Y. 628.)

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.