JOHN S. GELLERT, Respondent, *v.* FAIRMAN R. DICK et al., Copartners, Trading as DICK AND MERLE-SMITH, Appellants.

Argued January 5, 1938; decided March 8, 1938.

*Harold S. Glendening* and *Fred J. Knauer* for appellants. There is no consideration for the defendants' alleged agreement as the only consideration alleged is past consideration. (Williston on Contracts, § 142; *Pershall* v. *Elliott*, 249 N. Y. 183; *Fulton* v. *Varney*, 117 App. Div. 572; *Axelrad* v. *77 Park Avenue Corp.*, 225 App. Div. 557; *Fine* v. *Nehring Bros., Inc.*, 172 N. Y. Supp. 689; *Christensen* v. *Petterson*, 239 App. Div. 735; *Perkins* v. *Smith*, 83 App. Div. 630; *Myers* v. *Dean*, 11 Misc. Rep. 368; *Warner & Co.* v. *Brua*, 33 Ohio App. 84; *Field* v. *Hamm*, 150 N. E. Rep. 3; *Dilweg* v. *Milwaukee Machine Tool Co.*, 182 N. W. Rep. 726; *Shields* v. *Sterrat*, 71 Atl. Rep. 1129; *Sharp* v. *Hoopes*, 64 Atl. Rep. 989; *Cronin* v. *American Securities Co.*, 50 So. Rep. 915; *Wulff* v. *Lindsay*, 8 Ariz. 168; 196 U. S. 642.) There is no consideration for the defendants' alleged agreement as the only consideration alleged is not a good and valuable consideration. (*Walleston* v. *Fahnestock*, 116 N. Y. Supp. 743; *Soule* v. *Bon Ami Co.*, 201 App. Div. 794; 235 N. Y. 609; *Costa* v. *Schetz*, 175 N. Y. Supp. 476.)

*Seth V. Elting* and *Irving Mariash* for respondent. The complaint alleges both a present consideration and performance. (*Parsons* v. *Robinson*, 27 J. & S. 546; 133 N. Y. 537; *McLaughlin* v. *Barnard*, 2 E. D. Smith, 372; *White* v. *Drew*, 56 How. Pr. 53; *Drake* v. *Bell*, 26 Misc. Rep. 237; 46 App. Div. 275; *Miller* v. *Fischer*, 142 App. Div. 172; *Motley Green & Co.* v. *Elmenhorst*, 142 App. Div. 830.) The consideration alleged is a good and valuable consideration. (*Parsons* v. *Robinson*, 27 J. & S. 546; 133 N. Y. 537; *McLaughlin* v. *Barnard*, 2 E. D. Smith, 372; *White* v. *Drew*, 56 How. Pr. 53.)

FINCH, J. The validity of this complaint depends on whether the plaintiff has pleaded a valid consideration. The complaint alleges a special agreement between the parties and the existence of a custom and usage to the same effect, which was known to both parties and in contemplation of which they had the dealings involved.

The position of the defendants is that only a past consideration was pleaded and that custom and usage can have no effect in overruling the doctrine that past consideration is inadequate in the absence of a prior request.

A reading of the complaint establishes that present and not past consideration is alleged, and that, therefore, a valid and binding agreement is set forth. Paragraphs III and IV of the complaint allege performance by the plaintiff in that he discovered that certain bonds were available for sale and conveyed this information to the defendants. Paragraph V then states:

" V. That *it was agreed* between the plaintiff and the defendants *at the time* of the conveying of said information * * * that in the event that said defendants * * * determined to purchase the said bonds * * * they would pay to the plaintiff a reasonable commission by reason and in consideration of the finding of the said bonds by plaintiff, and the conveying of the said information respecting said bonds by him to said defendants, said commission to be paid at the time of the purchase of the said bonds."

The important words above are that the promise was made " * * * at the time of the conveying of said information * * * and in consideration of * * * the conveying of the said information respecting said bonds by him to said defendants * * *." This allegation, that performance and promise were contemporaneous, alleges present consideration. The allegation is not that the information was conveyed first and the agreement made subsequently. The bonds, it is true, had been found before this agreement was entered into, but this allegation may be treated as surplusage. The vital consideration was the conveying of the information as to their whereabouts. It is sufficient to make out a cause of action that a valid, present consideration, the giving of the information concerning the whereabouts of the bonds, is alleged.

We are only dealing with the allegations of the pleadings and not with what the proof may show at the trial.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, J. (dissenting). The case is here upon this certified question: Does the complaint herein state facts sufficient to constitute a cause of action?

After describing the parties as brokers of securities with offices in the borough of Manhattan, city of New York, and as members of the New York Stock Exchange, the pleading alleges:

" III. That on and prior to the 24th day of April, 1935, the plaintiff had found and acquired knowledge of the fact that certain New York City bonds bearing Four (4%) per cent interest, due in 1977, to the extent of Five Million ($5,000,000) Dollars face value, and certain New York City bonds bearing Four and one-quarter (4¼%) per cent interest, due in 1977, to the extent of One Million ($1,000,000) Dollars face value, or part thereof, were available for sale by the owner thereof at a reasonable price, and had been informed by the agents of the owner of said bonds that, in the event that a purchaser of said bonds or part thereof at a reasonable price were found, the owner of said bonds was prepared to sell the same or part thereof.

" IV. That thereafter, and on or about the 25th day of April, 1935, the plaintiff informed the defendants of the availability of said bonds for purchase by them for their own account or for the account of other persons at a reaonable price.

" V. That it was agreed between the plaintiff and the defendants at the time of the conveying of said information to the defendants by the plaintiff, that in the event that said defendants themselves or together with others, for their own account and /or for the account of other persons, determined to purchase the said bonds or any part thereof at a reasonable price, they would pay to the plain-

tiff a reasonable commission by reason and in consideration of the finding of the said bonds by plaintiff, and the conveying of the said information respecting said bonds by him to said defendants, said commission to be paid at the time of the purchase of the said bonds."

" VII. Upon information and belief, that thereafter, and in and about the month of May, 1935, the said defendants, together with others, for their own account and/or for the account of other persons, purchased the said bonds from the owners thereof at a reasonable price."

It is then alleged that such a reasonable commission was one-quarter of one per cent of the face amount of the bonds referred to and that payment thereof had been demanded and refused.

Plaintiff's assertion that these allegations state a cause of action stretches back for support to the remark of the court in *Parsons* v. *Robinson* (27 J. & S. 546, 548; 133 N. Y. 537) that " a past consideration, beneficial to the defendant, to which he afterwards assents, is sufficient to support an action." This observation, however, was unnecessary to the decision of that case. The issue there was not one of pleading. It was proved by the suing party that his services had been requested, and the subsequent express promise could have been taken by the jury as an admission fixing the value which the other party by his antecedent request had actually though impliedly undertaken to pay. In that state of the record in the *Parsons* case, the fact of the recovery there is no precedent for the case in hand.

Here the question is whether the complaint is sufficient on its face. Neither in terms nor by necessary inference does the pleading allege the ultimate fact of a request by the defendants for the services of the plaintiff. (See *Jacobs* v. *Monaton Realty Investment Corp.*, 212 N. Y. 48.) All that is really pleaded is a promise made in consideration of benefits theretofore rendered without a request by the promisors, express or implied. Such a

promise is invalid. (*Pershall* v. *Elliott*, 249 N. Y. 183, 188; *Lee* v. *Woodward*, 259 N. Y. 149.)

The sixth paragraph of the complaint was omitted above. Its text is as follows:

" VI. That at all the times hereinabove mentioned, a custom and usage existed among the brokers of stocks, bonds and other securities, in the Borough of Manhattan, City of New York, and among the members of the New York Stock Exchange, which was then known to the plaintiff and to the defendants, and in contemplation of which the plaintiff and the defendants had the dealings above mentioned, to the effect that a broker finding bonds and conveying the information above mentioned with respect thereto to another broker was entitled to a reasonable commission therefor, in cases where such other broker thereafter purchased the said bonds or any part thereof himself or together with others, for his own account and/or for the account of other persons."

In respect of this allegation I need observe only that people are not at liberty so to establish for themselves what engagements shall be legal obligations. " Though usage is often resorted to for explanation of commercial instruments, it never is, nor ought to be, received to contradict a settled rule of commercial law." (KENT, Ch. J., in *Frith* v. *Barker*, 2 Johns. 327, 334, 335. See *Corn Exchange Bank* v. *Nassau Bank*, 91 N. Y. 74; 3 Williston on the Law of Contracts [Rev. ed.], § 655; American Law Institute, Restatement of Law of Contracts, § 249.)

The order should be reversed and the motion to dismiss the complaint granted, with costs in all courts. The question certified should be answered in the negative.

CRANE, Ch. J., O'BRIEN and RIPPEY, JJ., concur with FINCH, J.; LOUGHRAN, J., dissents in opinion in which LEHMAN, J., concurs; HUBBS, J., taking no part.

Order affirmed, etc.