Samuel H. Hofstadter, J.
Defendant Trade Union Courier Publishing Corporation moves to dismiss pursuant to rule 106 of the Rules of Civil Practice for insufficiency. In a first cause of action for equitable relief, in a second cause of action to recover damages for breach of contract and in a third cause of action to recover upon quantum meruit for services rendered, plaintiff asserts that he and the defendant publishing corporation orally agreed that if plaintiff would disclose in trust and confidence information acquired by him which would enable defendant to secure exemption from the payment of telephone excise taxes in the future and refund of such taxes already paid, it would pay the plaintiff 35% of all refunds and future savings. Relying upon the promise to take and hold such information in trust and confidence and to take all actions necessary to obtain the refund and savings and to hold the same as a trust fund, plaintiff then disclosed the existence of the Internal Revenue Code provisions exempting the operator of a newspaper or public press from the payment of taxes upon telephone service. It was agreed, says plaintiff, that the understanding was to be reduced to writing.
Defendant contends, first, that by the terms of the oral agreement as alleged, it was not to come into effect until the agreement was reduced to writing, which was not done. Moreover, after alleging the agreement as above, the plaintiff goes on to allege subsequent and additional terms of the agreement, made with the same understanding that a writing was to be executed. *8 Plaintiff is entitled, however, from a fair interpretation of the entire complaint and for the purpose of pleading, to the inference that the several terms of the agreement as alleged, were simultaneously reached, that no essential term of the contract remained for negotiation and that the reduction of the agreement to writing was a mere formality.
Defendant next assails the adequacy of the consideration upon the basis that disclosure of a public statute does not involve a secret or confidential information. It is clear, however, that an idea if valuable, may be the subject of contract. While the idea disclosed may be common or even open to public knowledge, yet such disclosure if protected by contract, is sufficient consideration for the promise to pay (Keller v. American Chain Co., 255 N. Y. 94; Gellert v. Dick, 277 N. Y. 123; Bristol v. Equitable Life Assur. Soc., 132 N. Y. 264). Nor can it be said upon the basis of the complaint alone, that the advice thus imparted constituted the practice of law to any extent or to such extent as to render the transaction unenforcible upon the face of the pleading.
Defendant contends further that plaintiff has adequate remedy at law and therefore, the first cause of action demanding equitable relief should be dismissed; moreover, equity cannot grant complete relief here, nor would it be under its own control, and it should therefore be denied. The complaint alleges that defendant agreed to accept the knowledge to be imparted in trust and confidence; to forthwith execute and file with the Commissioner of Internal Revenue whatever may be required to claim and secure exemption, to co-operate fully to that end and to receive refunds and savings in trust for allocation under the agreement. The complaint further alleges the applicable Statute of Limitations with respect to claims for exemption and refund and defendant’s failure and refusal to perform and to account. It cannot be said that an action at law to recover damages for breach of contract will suffice to afford adequate or complete remedy to plaintiff or that he should be denied such equitable relief as would properly flow from the claimed violations of a trust relation of the kind here involved. While it is true that some difficulty may arise in supervision of the decree, such difficulty is not concerned with the actions of another tribunal, but rather with compliance by defendant with its several covenants. In any event the ground for jurisdiction is adequately present in the pleading regardless whether, upon the trial, its exercise may be withheld. To what extent, if any, equitable relief may ultimately be granted must rest with exigencies as they appear upon trial (Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60; Queens Plaza Amusements v. *9 Queens Bridge Realty Corp., 265 App. Div. 1057; Bush Term. Bldgs. Co. v. Bush Term. R. R. Co., 47 N. Y. S. 2d 330, affd. 267 App. Div. 991). In this sense, therefore, the contention that the action is premature in that the Commissioner of Internal Revenue has not acted, is without merit. This failure results from the alleged total breach on the part of the defendant and is one of the breaches which, in the first cause of action, plaintiff seeks equitable relief to cure. The purpose of the action is to compel defendant to perform.
One further point urged by defendant under this branch of the motion remains for consideration. Plaintiff alleges in paragraph Twenty-seventh of his complaint that ‘ ‘ the plaintiff, then and there, orally made known to the defendant Trade Union Courier Publishing Corporation, through the said Maxwell C. Raddock, its president, the provisions of the Internal Revenue Code, known as Title 26 of the United States Code Annotated, which relates to the imposition of telephone excise taxes, the exemptions therefrom, the procurement of refunds of such taxes paid, and the provision therein contained that no telephone tax shall be imposed upon any payment for telephone service received from any person, firm or corporation who is engaged in the operation of a newspaper or a public press.” Defendant is engaged in the business of publishing newspapers. The statute, subdivision (b) of section 3466 of the Internal Revenue Code of 1939 (U. S. Code, tit. 26, § 3466) on which plaintiff relies, reads: “ (b) No tax shall be imposed under section 3465(a) (1) and (2) upon any payment received from any person for services or facilities utilized in the collection of news for the public press, or a news ticker service furnishing a general news service similar to that of the public press, or radio broadcasting, or in the dissemination of news through the public press, or a news ticker service furnishing a general news service similar to that of the public press, or by means of radio broadcasting, if the charge for such services or facilities is billed in writing to such person. Section 3465(a) (3) shall not be construed as imposing a tax on services and facilities described in section 3465(a) (1) or (2) which are exempt from tax under this subsection.”
There is no allegation in the complaint that the other defendants at any time furnished services and facilities utilized in the collection of news for the public press for which charges were made and collected and tax assessed and paid, or that the moving defendant does, in fact, in the course of its business, make such use of the services and facilities. The allegation that defendant has and does use the services and facilities of the *10 other defendants does not bring the defendant within the exemption, the knowledge of which plaintiff claims he imparted to it. In short, there is no allegation, if taken to be true, that would support the plaintiff’s claim of performance and for compensation. The motion to dismiss is therefore granted upon that ground alone, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order with notice of entry.
Defendant moves under rule 102 to strike paragraphs Twenty-seventh and Thirty-ninth as indefinite and obscure. Paragraph Twenty-seventh does not, as urged, set forth a claim both in contract and in tort. It sets forth a contract creating a trust relation whose breach entitles plaintiff to equitable relief, while paragraph Thirty-ninth is intended clearly to furnish the reason for joinder of the other defendants. The motion is in this respect denied.
Defendant moves finally, pursuant to rule 103, to strike paragraphs Seventh and Eighth as irrelevant and unnecessary and paragraphs Twentieth, Thirty-sixth and Thirty-seventh as repetitious, redundant and unnecessary. Paragraph Seventh and Eighth are intended to establish the authority of the person acting on behalf of the defendant and therefore, cannot be said to be irrelevant or so unrelated as to be improper. They will not be stricken. The other paragraphs are, in fact, repetitious of paragraphs Fifteenth, Twenty-fourth and Twenty-fifth. In the amended complaint to be served the facts alleged in these paragraphs should be stated once. The motion is disposed of accordingly.