Anthony J. Di Gtovanna, J.
This is a motion by defendant for summary judgment pursuant to rule 113 of the Buies of Civil Practice. Plaintiff claims that he suggested to defendant bank that it start a 6 ‘ Chanukah Savings Plan ’ ’ which could be made available to its Jewish depositors in the same manner that a Christmas Club had been available to the general public.
Plaintiff first communicated with defendant concerning his idea or suggestion in 1956. Documentary evidence submitted by defendant shows that a Chanukah Savings Plan was in operation in another bank as early as 1948, eight years prior to plaintiff’s first communication with the defendant. It further appears by uncontrovertible documentary evidence that five or more other banking institutions began a similar plan for their depositors at least eight months prior to the defendant’s use of such plan, and independently of any suggestion by plaintiff or defendant.
The complaint alleges three separate causes of action, an express oral contract for the sale of this idea to defendant, an implied contract and one for misappropriation of this business idea as a property right.
The idea alleged by the plaintiff was neither novel nor original. It was already a matter of common knowledge and in the public domain. But even were it original, the plaintiff in the absence of an express agreement, cannot hold defendant liable, even though the idea is used for his own benefit. “ Without denying that there may be property in an idea, or trade secret or system, *627 it is obvious that its originator or proprietor must himself protect it from escape or disclosure. If it cannot be sold or negotiated or used without a disclosure, it would seem proper that some contract should guard or regulate the disclosure, otherwise it must follow the law of ideas and become the acquisition of Avhoever receives it.” (Bristol v. Equitable Life Assur. Soc., 132 N. Y. 264, 267.) (Italics supplied.)
As mentioned above, plaintiff’s idea Avas neither new, novel, original nor concrete. Plaintiff has failed to surmount these basic requirements as the courts of this State have defined these terms over the years.
The theory underlying the plaintiff’s third cause of action is that plaintiff’s idea or plan constitutes a property right which warrants the protection of the courts if misappropriated. To invoke the protection sought, it must be shown that the idea was one of a literary nature, and not one of a business nature. Even then the idea would have to be shown to be both novel and original and concrete. (Fendler v. Morosco, 253 N. Y. 281.) This the plaintiff, in the face of the evidence documentarily adduced has not done.
Since the competitive market had already acquired the plan long before, and placed it in operation independently of plaintiff’s or defendant’s suggestion. I cannot perceive how plaintiff on any theory in law can succeed in this action, since he cannot prove that defendant bank did not begin its plan by reason of the use of such plan by other banking institutions rather than in reliance upon plaintiff’s suggestion. Further, to hold that defendant, after receiving the idea from plaintiff, would be forever precluded from using the plan without paying plaintiff for same, even though concededly adopted by many other banks in the competitive field, is unreasonable and without justification in law.
In view of the lack of triable issues, the motion by defendant for summary judgment is granted and complaint is dismissed.