■ A. LAWRENCE BRAM, Respondent, v. DANNON MILK PRODUCTS, INC., et al., Appellants, et al., Defendant.— Order entered August 11, 1969 insofar as it denied the motion of the defendants-appellants for summary judgment made on the eve of trial, unanimously reversed on the law, without costs and without disbursements and the motion granted. The idea submitted by the plaintiff to the defendants, the concept of depicting an infant in a highchair eating and enjoying yogurt, was lacking in novelty and had been utilized by the defendants and their competitors prior to its submission. Lack of novelty in an idea is fatal to any cause of action for its unlawful use. In the circumstances a question of fact as to whether there existed an oral agreement between the parties would not preclude summary judgment. (*Soule* v. *Bon Ami Co.*, 201 App. Div. 794; *Oxenhandler* v. *Dime Sav. Bank of Brooklyn*, 33 Misc 2d 626; *Davies* v. *Carnation Co.*, 352 F. 2d 393; *Stevens* v. *Continental Can Co.*, 308 F. 2d 100.) Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.

■ ARNOLD KAHN, on Behalf of Himself as a Shareholder of Ro-G Cleaners, Inc., and in the Right of Ro-G Cleaners, Inc., and on Behalf of Other Shareholders of Said Corporation Similarly Situated, Appellant, v. BELLE SOLOMON, Respondent, et al., Defendants.— Order entered October 7, 1969, unanimously affirmed, without costs and without disbursements, without prejudice to an application to examine upon completion of all pretrial proceedings and a showing of special circumstances warranting the exercise of discretion to order such examination. Appeal from an order denying reargument entered October 28, 1969 dismissed. Concur — Stevens, P. J., Eager, Markewich, Nunez and McNally, JJ.