**BAHAMAS PAPER COMPANY, Limited, et al., Plaintiffs,**

v.

**IMPERIAL PACKAGING CORPORATION and Sidney Poland, Defendants.**

**No. 70 Civ. 3291.**

United States District Court, S. D. New York.

June 18, 1971.

Sandoe, Hopgood & Calimafde, by John M. Calimafde, New York City, for plaintiffs; Stephen B. Judlowe. New York City, of counsel.

Brumbaugh, Graves, Donohue & Raymond, by Frederick C. Carver, Willkie, Farr & Gallagher, by Anthony F. Phillips, New York City, for defendants.

### MEMORANDUM

BONSAL, District Judge.

Plaintiffs move pursuant to Rule 56, F.R.Civ.P. for partial summary judgment directing the defendants to account for royalties due to the plaintiffs pursuant to a patent license agreement dated July 12, 1962, for the period from January 1, 1969 through March 26, 1970, and to pay over to plaintiffs such amounts as may be found to be due, with interest.

Plaintiffs instituted this action as proprietors of United States Letters Patent 2,836,344 issued May 27, 1958. This patent was the subject matter of the license agreement dated July 12, 1962 between plaintiff Bahamas Paper Company, Ltd. and the defendant Imperial Packaging Corporation, the latter's obligations under the agreement being guaranteed by the defendant Sidney Poland. The patent in suit was issued May 27, 1958 to Harry F. Gatward and assigned by him to plaintiff Bahamas Paper Company, which in turn assigned it to plaintiff Paper Products, Ltd., which in turn assigned it to plaintiff Equitable Bag Company, Inc.

In their complaint, plaintiffs charge defendant Imperial Packaging Corporation with infringement of the patent and seek to collect royalties allegedly due under the license agreement.

In their answer, defendants deny infringement and allege as defenses, among others, that the patent is void, that it was obtained by fraud, and misuse of the patent.

The validity of the patent is a basic issue in this action in view of plaintiffs' charge of infringement and defendants' challenge to its validity. The issue

posed in this motion therefore is whether plaintiffs are entitled to recover royalties allegedly due under the license agreement prior to final determination of the validity of the patent.

Plaintiffs contend that since the defendants entered into the license agreement and had the advantage of manufacturing and selling the patented product, and continued to use the benefits of the patent after they stopped paying the royalties due, that defendants are estopped from contesting plaintiffs' claim for an accounting and the payment of royalties. Until recently, the law appeared to favor the plaintiffs' position, Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc., 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312 (1950). However, in Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), the Supreme Court expressly overruled *Hazeltine* on the ground that the general rule of licensee estoppel recognized in *Hazeltine* did not exist, e. g. Casco Products Corp. v. Sinko Tool & Mfg. Co., 116 F.2d 119 (7th Cir. 1940); Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47 (1945). The Court was of the view that the rights of the licensor under the license agreement do not weigh very heavily when they are balanced against the important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain, and that the technical requirements of contract doctrine must give way before the demands of the public interest. The court also held that to require licensees to continue to pay royalties during the time they are challenging the validity of the patent in the courts would be inconsistent with the aims of Federal patent policy.

In Painton & Company, Ltd. v. Bourns, Inc., 442 F.2d 216 (2d Cir.), decided April 27, 1971, Judge Friendly stated:

> "What *Lear* precisely held was that the courts may not enforce a royalty agreement with respect to an invention embodied in an American patent while the licensee was contesting its validity and could recover only when, as and if validity was established."

Since the validity of plaintiffs' patent has been challenged by the defendant licensee, their claim for royalties must await adjudication of the validity of plaintiffs' patent, and plaintiffs' motion for partial summary judgment is denied.

It is so ordered.