Edward J. Greenfield, J.
Juvenile mythology as exemplified in the Saturday morning TV cartoons may be premised upon flights of fancy, but lawsuits concerning disputes over such programs are founded in the hard fact that such programs are highly lucrative. In this case, plaintiff sues for the misappropriation of an idea for a cartoon series by the defendant, seeking participation in the jingle of Saturday morning proceeds.
Defendant National Broadcasting Company, Inc. (NBC) has moved for summary judgment. The complaint alleges that plaintiff, a firm in the business of developing and producing television programming material, had an idea for an animated children’s TV series entitled “Birdman and Sparrow”. The network rejected plaintiff’s idea. Thereafter, NBC broadcast a different animated children’s TV adventure series entitled “ Birdman ”. Plaintiff contends that this series was generated and inspired by its previously submitted proposal, and that NBC, by taking it over, is accountable to it for its profits.
While there may be some dispute as to the timetable and chronology involved in the genesis of the Birdman series, defendant asks for summary judgment dismissing the complaint on the grounds that plaintiff’s idea was not novel or original, and that comparison with plaintiff’s Birdman and defendant’s Birdman demonstrates that they had very little in common that was not readily available in the public domain to anyone.
The affidavits reveal that Ed Graham, president of the plaintiff, had always been an ardent fan of the comic strip hero Batman, the caped crusader who with his junior sidekick fought against the machinations of ingenious evildoers. At one point he evidently acquired TV rights for the Batman adventures, but ultimately these rights passed to someone else. Graham, having lost out on “ Batman and Robin ”, devised as his characters to deal with the “ same adventure, spirit and sense of crime ’ ’ Birdman and Sparrow.
*336 Sample scripts and drawings of the characters in the proposed Birdman series were submitted to NBC’s vice-president for daytime programming. In March, 1966, NBC rejected plaintiff’s idea.
In October, 1966, an agent of Hanna-Barbera, a leading developer of animated cartoons for children, came to NBC with its own proposal for a “ Birdman ” series, based not on the exploits of the contemporary Batman, but rather on the mythological Egyptian Sun God “ Ra ”. After some changes, the Hanna-Barbera proposal was adopted, and NBC put the Birdman series on the air.
In doing so, did NBC illegally misappropriate plaintiff’s ideas, and utilize them for its own profit? NBC contends that not only is the answer in the negative, but no trial of the issue is required, because the submitted materials indicate such total dissimilarity between the two Birdmen that no conclusion that plaintiff’s ideas were utilized can reasonably be Reached. It further argues that in any event there is such a lack of novelty in plaintiff’s ideas that they cannot be considered as exclusive property capable of protection. The court agrees on both grounds.
The similarities between the characters are simply that both are birdmen capable of flight and that both successfully fight for good over evil. In most other respects the characters are different. Plaintiff’s Birdman is a normal person who, from time to time, dons the costume of a caped crusader to fight crime. He flies by using a pair of small jet engines strapped to his back. Defendant’s Birdman is a creature of fantasy endowed with wings, and using the sun as a source of power.
The similarities between plaintiff’s Birdman and the celebrated character Batman are much more marked. Like Batman, plaintiff’s Birdman is a caped crusader fighting crime. He uses a “Birdmobile” rather than a “ Batmobile ”. His companion is his young ward “Sparrow” rather than Batman’s “Robin”. Batman is in real life “wealthy Bruce Wayne, who lives in stately Wayne Manor ”. Plaintiff’s hero is 1‘ wealthy Keith Brittingham, who lives in staid Brittingham Manor ’ ’. Batman and Robin live in Gotham City, Birdman and Sparrow in Metropolis. Batman’s arch enemy is “ The Joker”, Birdman’s, “ The Jester”. Plaintiff’s series was, in fact, stated to be a satire or parody of the Batman adventures. Yet, ironically, it is plaintiff who is suing someone else for misappropriation of its alleged “ original” concept.
*337 Where it is clear that defendant’s concepts are not essentially similar to plaintiff’s, and that the defendant’s ideas are not based upon original ideas of the plaintiff, summary judgment will follow. (Larkin v. Pennsylvania R. R. Co., 125 Misc. 238, affd. 216 App. Div. 832, affd. 245 N. Y. 578; cf. Cole v. Lord, Inc., 262 App. Div. 116.)
Further, where plaintiff’s idea is wholly lacking in novelty, no cause of action in contract or tort can stand based upon the alleged misappropriation of that idea. (Bram v. Dannon Milk Prods., 33 A D 2d 1010; Educational Sales Programs v. Dreyfus Corp., 65 Misc 2d 412; Stevens v. Continental can Co., 308 F. 2d 100, cert. den. 374 U. S. 810.) Even if it be assumed that defendant had utilized plaintiff’s idea, plaintiff may not recover if the idea was unoriginal. (Soule v. Bon Ami Co., 201 App. Div. 794, affd. 235 N. Y. 609; Oxenhandler v. Dime Sav. Bank of Brooklyn, 33 Misc 2d 626; Futter v. Paramount Pictures, 69 N. Y. S. 2d 438.)
The idea of larger-than-life heros with juvenile helpers fighting evildoers and embarking on all sorts of fantastic adventures probably goes back beyond “ Jack and the Beanstalk” and even further back beyond Hercules. Such characters have been the staple of comic strip adventure books and radio and television juvenile dramas for almost all children who came of age in 20th century America. Ideas such as those presented by the plaintiff are in the public domain and may freely be used by anyone with impunity. (Flamingo Telefilm Sales v. United Artists Corp., 22 A D 2d 778; Merchant Suppliers Paper Co. v. Photo-Marker Corp., 29 A D 2d 94; Columbia Broadcasting System v. DeCosta, 377 F. 2d 315, cert. den. 389 U. S. 1007.) (See, also, American Harley Corp. v. Irwin Ind., 27 N Y 2d 168, 178; Bahamas Paper Co., Ltd. v. Imperial Packaging Corp., 328 F. Supp. 158.)
The case of Downey v. General Foods Corp. (37 A D 2d 250), upon which plaintiff so heavily relies for denial of summary judgment, has been reversed by the Court of Appeals (31 N Y 2d 56) and summary judgment granted. The court there declared (p. 61): “An idea may be a property right. But, when one submits an idea to another, no promise to pay for its use may be implied, and no asserted agreement enforced, if the elements of novelty and originality are absent, since the property right in an idea is based upon these two elements.”
As this court had occasion to declare in Educational Sales Programs v. Dreyfus Corp. (65 Misc 2d 412, 415, 416, supra): “ Not every ‘ good idea ’ is a legally protectible idea. A sen *338 sible .suggestion must have more to it than good sense to be compensable. Its adoption may be the occasion for gratitude or the voluntary bestowal of tangible reward, but that does not of itself call into play legal compulsion.
“ Nothing is bestowed if the facts of a ‘ secret ’ imparted in confidence are already the subject of general knowledge.
Jfe
WWW
“ If the idea is of such a nature that it cannot be appropriated by a party, it cannot be misappropriated by another. One cannot be forever barred from using a worthwhile but unoriginal idea merely because it was once asked to be treatéd in confidence.”
Defendant’s motion for summary judgment is granted, and the complaint is dismissed.