OPINION OF THE COURT
Shanley N. Egeth, J.
Plaintiff moves for summary judgment or partial summary judgment in this action for breach of a written contract which engaged plaintiff to develop package design proposals for men’s and women’s cologne manufactured by the defendant.
Plaintiff received $12,500 pursuant to the contract at the time of execution. Plaintiff prepared and submitted drawings of a flasklike and cubelike bottle design to the defendant. Defendant stated that they were unacceptable and would not be used. Plaintiff contends that the defendant nevertheless used them, and seeks both the moneys due for their use and other contract damages. Plaintiff claims $23,-750 expressly specified in the contract, $5,000 which it would have necessarily earned in preparing mechanicals, and the sum of $20,000 in profits allegedly lost due to its inability to advertise its design relationship with the de *160 fendant, as authorized under the contract if the designs were accepted.
Although the defendant denies using plaintiff’s designs, it further argues that even if it did, the proposals were so lacking in originality as to be incapable of supporting an actionable claim, and further, that the $20,000 loss of profit claim and the $5,000 mechanicals claims are wholly speculative and incapable of supporting any damage award.
Under the contract the defendant incurs no liability beyond the original $12,500 payment if plaintiff’s submissions are not used. The following provision is relevant: “In such event as to all such design solutions not specifically so selected, the client shall have no rights or other interest in such unselected design solutions, forms or concepts by virtue of their presentation to it by L/C pursuant to this Agreement. The client, in any event, agrees to return all materials entrusted to it by L/C unless specifically acquired by the client pursuant to this Agreement and to regard and protect the disclosures of the designs or solutions made by L/C hereunder as trade secrets and confidential matter. However, client’s obligation with respect to such disclosure will only be applicable to information received by it from L/C in writing or in other tangible form and there is no commitment as to oral communications. Further, such obligation is not applicable to the extent that disclosures contain information which (i) is already in the public domain, (ii) is already known to or developed by client, (Hi) is rightfully received from third parties or (iv) is subsequently put into the public domain by L/C.” (Emphasis added.)
This contract clause is sufficiently clear on its face. As applied to the facts herein, it provides that the client, (the defendant herein) has no obligation with regard to the designs submitted by the plaintiff if the designs are already known or developed by the defendant, or are in the public domain. These are questions of fact which cannot be resolved on a motion for summary judgment, which is involved only with issue finding and not issue determination (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). There *161 is a triable issue as to independent development. There is also a triable issue as to whether the submissions are in the public domain.
Even as to the design shape of the women’s bottle, for which plaintiff apparently submitted nothing more than the bare idea of using a cube-shaped bottle, while the shape of a cube is unquestionably in the public domain, it remains a question of fact for a trial as to whether the use of a cube-shaped bottle for perfume bottles is likewise in the public domain. Similar questions arise as to the use of a flask-shaped bottle for the men’s cologne. Also, even if the use of a basic shape of a flask or a cube was held to be in the public domain, if plaintiff added sufficient innovation, variation or a combination of ideas, plaintiff might nevertheless accrue rights arising from the use. A similar principle as to originality is consistently enunciated in the field of copyright law (see, e.g., Gerlach-Barklow Co. v Morris & Bendien, 23 F2d 159, 161 [2d Cir, 1927], “while a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will”; Blazon, Inc. v DeLuxe Game Corp., 268 F Supp 416, 421-422 [SDNY, 1965], “The fact that plaintiff took a matter admittedly in the public domain [i.e., a horse] does not in and of itself preclude a finding of originality, since plaintiff may have added unique features to the horse, enlarged.it and made it sufficiently dissimilar from defendant’s horse as to render it copyrightable to plaintiff”; Prestige Floral, S. A. v California Artificial Flower Co., 201 F Supp 287, 291 [SDNY, 1962], artificial lilac flower held protected, particularly where the creation of the likeness involves “numerous and detailed decisions as to ‘proportion, form, contour, configuration, and conformation.’ ”).
Indeed, defendant’s affidavit states that it was defendant that suggested, during the contract negotiations, the use of a flask, and that defendant even expressed an interest in the use of stock bottles. The understanding between the parties, therefore, contemplated plaintiff’s development of packaging using the theme of a flask. Defendant cannot now be heard to deny liability upon the sole common-law ground that a flask is in the public domain, irrespective of the man *162 ner and use which was made of the flask in the submission and in defendant’s ultimate packaging. Unanswered questions exist.
If the clause were not applicable, there would be no requirement in the contract that the design be original in order to give plaintiff rights under the contract. Defendant nevertheless argues that under case law an idea cannot support a right to recover in contract unless the idea is original (citing Downey v General Foods Corp., 31 NY2d 56; Bram v Dannon Milk Prods., 33 AD2d 1010; Graham Prods., v National Broadcasting Co., 75 Misc 2d 334; and Educational Sales Programs v Dreyfus Corp., 65 Misc 2d 412). The cases cited are clearly distinguishable from the case at bar. They all involve situations in which a party came to another party and offered to reveal an idea in return for a promise to pay if the idea was used. The courts have consistently held in such circumstances that recovery of payment for the use of the idea is not available if the idea lacked sufficient originality, since otherwise there would be a failure of consideration, as the seller has no property right in the idea which he is selling. The contract here is different. It impliedly required the plaintiff to use its best efforts and professional expertise to develop and select from among the many possibilities for bottle designs, designs best suited to the needs of the defendant. The consideration is not merely the idea itself, but the services rendered in isolating it. The situation is more analogous to that which existed in High v Trade Union Courier Pub. Corp. (31 Misc 2d 7), where recovery was allowed for the revelation to defendant of the existence of a favorable tax statute. Mr. Justice Greenfield, in Educational Sales Programs v Dreyfus Corp. (65 Misc 2d 412, supra), one of the cases relied upon by plaintiff on this motion, distinguished Trade Union Courier, noting that “the imparting of a simple and unoriginal idea can become the basis for compensation” where “the court found an express contract to pay in which the plaintiff’s skill and services were a major consideration” (p 417). If the parties wished, they were free to contract so as to make originality a requirement. They did not choose to do so, except insofar as the “public domain” exception may include such a requirement.
*163 Therefore, the motion for summary judgment must be denied and the issues must be resolved at trial.
Defendant seeks partial summary judgment as to the two loss of profit claims. As to the $20,000 claim based upon the inability of plaintiff to refer to this customer in its own future advertising, no factual assertions in support of any such damage has been set forth. The claim is based wholly upon speculation and conjecture and therefore insufficient to support a recovery (see, e.g., Freund v Washington Sq. Press, 34 NY2d 379; Dunlop Tire & Rubber Corp. v FMC Corp., 53 AD2d 150; Mastro Inds. v CBS Records, 50 AD2d 783). In oral argument plaintiff conceded this point and consented to withdrawal of the claim. Partial summary judgment of dismissal is therefore granted.
The claim for $5,000 for lost profits on mechanical charges is based upon the following clause: “Mechanical charges and charges for comprehensive layouts, other than for those shown at the formal presentation to the client, shall be at the rates indicated in Schedule A. Before such charges are incurred, they are subject to prior client approval and shall be billed semi-monthly and shall be payable ten days following billing.”
This clause contains no requirement that defendant utililize plaintiff’s services for this purpose, and further expressly requires prior approval therefor by the defendant. Plaintiff has supplied an affidavit stating that there is an industry custom for the designer to arrange for the production of this work. Upon the basis thereof, although it might appear that partial summary judgment dismissing this claim might be warranted, this court will withhold such action, and permit an attempt to prove any of the claimed damages, and that the custom claimed was intended as part of the contract. This denial is not intended to prejudge the issue or to pre-empt the discretion of the Trial Judge.