OPINION OF THE COURT
Edward J. Greenfield, J.
This action arises out of plaintiffs’ abortive attempt to establish a yacht charter business on the British Virgin Island of Tortola. Plaintiffs, Charles Cunningham and Edward Burke, are principals in L’Ancre, Ltd. They planned to attract investors to purchase yachts and lease them to L’Ancre, which in *227 turn would operate a charter business out of a marina on Tortola. Plaintiffs allege that they approached defendant Merchant-Sterling Corp. and urged it to invest in the business as principal, showing Merchant-Sterling’s executives the proposed site for the marina, locating a source of yachts (i.e., Stevens Yachts of Annapolis) and expending time, effort and money in developing a business plan, negotiating a sublease for the marina and presenting all the details to Merchant-Sterling. Ultimately, Merchant-Sterling informed plaintiffs that the proposed venture was not in keeping with the image that it sought to project. Nevertheless, Merchant-Sterling subsequently made its own arrangements to purchase yachts and operate the marina. Plaintiffs then commenced this action, which sought recovery on the basis of fraud and unjust enrichment, i.e., that defendants misappropriated plaintiffs’ ideas and plans for their own benefit. On July 15, 1988, this court issued an order dismissing the fraud claim but sustaining the sufficiency of the first cause of action for unjust enrichment.
Plaintiffs then served an amended complaint limiting the theory of recovery to unjust enrichment and naming as additional defendants Tandem, Inc., Minterne Corp. and Sterling Venture Capital Corp., entities which allegedly participated in the yacht charter business formed by Merchant-Sterling and which plaintiffs claim was the idea stolen from them. The Stevens Yachts defendants have filed for bankruptcy. Defendants submitted an answer asserting a counterclaim for prima facie tort. On November 6, 1989, this court issued an order granting plaintiff’s motion for dismissal of that counterclaim and denying defendants’ cross motion for summary judgment. Defendants had maintained that the marina enterprise they operated had lost money, so that they could not be said to have been unjustly enriched. This court, however, held that plaintiffs were entitled to examine defendants’ witnesses to ascertain the financial state of the business. Since that time, defendants have conducted depositions of Cunningham and Burke, and this court has granted plaintiffs’ motion for an open commission authorizing plaintiffs to take the deposition of a nonparty witness, the Bank of Baltimore. However, in the time between the denial of the prior cross motion for summary judgment (Nov. 1989) and the making of the instant motion, plaintiffs never served notices of deposition upon the defendants. Plaintiffs did, however, even before defendants’ prior cross motion, have the opportunity to examine docu *228 ments which, according to defendants, show a substantial loss for the business conducted by them.
Plaintiffs have now had adequate opportunity to ascertain the facts, but those facts do not support the claim. In essence they indicate they came up with the marina-yacht charter idea, that they conducted some preliminary negotiations, developed estimates and projections, and tried to sell Merchant-Sterling on putting up the necessary capital. They showed Merchant-Sterling the proposed marina site. Merchant-Sterling turned down plaintiffs’ proposed plan, but gave Cunningham and Burke $2,000 each for their efforts. However, shortly thereafter, Merchant-Sterling participated in the formation of Tandem, Inc. which in turn acquired the stock of Stevens Yachts. Ultimately, it acquired full control of Tandem, and Stevens Yachts entered into its own lease for the marina.
Defendants maintain that there was nothing unique or original in the idea of operating a yacht charter business. At the time in question, there were more than a dozen yacht charter operators in the British Virgin Islands. The site proposed was not "discovered” by plaintiffs, for a yachting charter business had operated at that site for several years. The availability of Stevens Yachts for sale was "common knowledge”; plaintiffs never attempted to acquire the site for themselves once Merchant-Sterling decided not to work with plaintiffs. In any event, defendants argue again that they were not enriched by plaintiffs’ efforts, and that the records demonstrate that the charter enterprise formed by defendants in fact resulted in substantial losses.
What we are presented with is a picture of a proposed joint venture which fell through. Merchant-Sterling then picked up the dropped ball and ran with it, but failed to score. The claim of fraud has previously been dismissed. The question presented now is whether plaintiffs’ imparting of the idea to defendants which was utilized in some respects gives rise to a right to recovery.
There are circumstances where equity and good conscience require defendants to make restitution, particularly where a plaintiff has done much more than developing and trying to market an idea. (Strapex Corp. v Metaverpa N. V, 607 F Supp 1047; Precision Testing Labs, v Kenyon Corp., 644 F Supp 1327.)
The seminal case of Downey v General Foods Corp. (31 NY2d 56) makes clear that the submission of an idea to someone else *229 who acts on it does not imply any promise to pay for the use of an idea giving rise to a right of restitution if the elements of originality and novelty of the idea are absent. (See also, Murray v National Broadcasting Co., 844 F2d 988.) This court, in Educational Sales Programs v Dreyfus Corp. (65 Misc 2d 412), dismissed an unjust enrichment claim for appropriation of a proposed idea and development by another where the idea, though potentially useful or profitable was not particularly unique or original. There the plaintiff had proposed to the defendant the use of tape players and cassettes to make educational, sales, and promotional materials available to independent mutual fund salesmen. Negotiations for the development of the program went on over several months. No agreement was worked out, and finally defendant proceeded with a program of its own. This court declared:
"Not every 'good idea’ is a legally protectible idea. A sensible suggestion must have more to it than good sense to be compensable * * *
"Nothing is bestowed if the facts of a 'secret’ imparted in confidence are already the subject of general knowledge.” (Supra, at 415.)
"If the idea is of such a nature that it cannot be appropriated by a party, it cannot be misappropriated by another.” (Supra, at 416.)
The presentation of an idea may give rise to an obligation to pay where a plaintiff has contributed his specialized skills and services and thereby confers real value on the defendant. (High v Trade Union Courier Publ. Corp., 31 Misc 2d 7; Strapex Corp. v Metaverpa N. V., 607 F Supp 1047, supra; Precision Testing Labs, v Kenyon Corp., 644 F Supp 1327, supra; cf, Orderline Wholesale Distribs. v Gibbons, 675 F Supp 122.)
The mere fact that parties spend time on negotiations relating to a business idea will not give rise to an unjust enrichment claim (Educational Sales Programs v Dreyfus, supra, at 417; Orderline Wholesale Distribs. v Gibbons, supra; Songbird Jet v Amax Inc., 581 F Supp 912). In the Songbird case, involving a proposal to purchase a jet plane, the court rejected an unjust enrichment claim which alleged that plaintiff imparted tax information to defendant, which defendant then used in selling the tax benefits to a third party. The Songbird court there recognized that business executives cannot reasonably expect payment for mere preliminary activities when the negotiations fail to achieve their objective.
*230 Applying these principles, it is clear that in this case the idea of operating a yacht charter company in the Virgin Islands by leasing marina space and purchasing the yachts from a fleet owner, certainly was not novel. Other operators had conducted this business in the British Virgin Islands. Plaintiffs’ claim is that they brought this to the attention of Merchant-Sterling, and that the services allegedly rendered by them in laying the groundwork made it possible for Merchant-Sterling to exploit the idea. Legally, that is not enough. Upon the deal being turned down, plaintiffs were free to pursue their project with anyone else.
Beyond that, examination of the facts in the instant case demonstrates that plaintiffs have no viable claim for unjust enrichment. In order to recover for unjust enrichment, they would have to prove that defendants were, in fact, enriched. (Miller v Schloss, 218 NY 400.) The unrebutted proof shows that the charter business formed by defendants lost a substantial sum, so there was no enrichment which could form the basis of a claim. Plaintiffs had an ample opportunity, prior to the making of this motion, to examine defendants’ witnesses in an effort to prove that the defendants made a profit, but have never done so. Moreover, they have failed to prove the performance of substantial services without which defendants’ venture would not have been possible. They merely suggested to Merchant-Sterling that the yachting charter business might be profitable, set up a series of preliminary meetings, discussed a marina site and a potential seller of the yachts. The financial projections and tax information provided to defendants were simply part of a negotiation process and, in any event covered several different options rather than a definite plan. Unconsummated proposals seeking financing for a prospective business venture do not, when they fall through, give rise to liability. There is no cognizable cause of action for fruitless negotiation, frustration and disappointed expectations. (Goldberg v Manhattan Ford Lincoln-Mercury, 129 Misc 2d 123, 129.)
A party opposing summary judgment must lay bare its proofs in order to set forth a triable issue; bare conclusions are not sufficient (Capelin Assocs. v Globe Mfg. Co., 34 NY2d *231 338). Since plaintiffs have failed to set forth such proof as might warrant a recovery, defendants are entitled to summary judgment.
Accordingly, the motion of defendants for summary judgment is granted and the action is dismissed.