LOUIS H. SOULE, Respondent, *v.* BON AMI COMPANY, Appellant.

Second Department, June 29, 1922.

Contracts — action on contract for furnishing valuable information which would increase defendant's profits — alleged information matter of common knowledge — no consideration for contract — complaint should have been dismissed — error for trial court to exclude defendant's evidence that increase in selling price of its product was not result of adopting plaintiff's scheme.

In an action to recover on a contract whereby the defendant, in consideration of the plaintiff's agreement to impart certain valuable information which would increase the defendant's profits, promised to pay the plaintiff one-half of such increased profits, the complaint should have been dismissed, where it appeared that the alleged information was that if the defendant would increase the selling price of its product its profits would be increased, although it further appeared that the defendant increased the selling price of its product shortly after the plaintiff gave the defendant such information, for the contract was without consideration as the alleged information was neither new nor original and cannot be deemed valuable, being merely a matter of common knowledge.

It was error for the trial court to refuse to allow the defendant to show that the said increase in the selling price of its product was not the result of the adoption of the plaintiff's scheme but was the result of commercial conditions which necessitated an increase in price.

APPEAL by the defendant, Bon Ami Company, from an amended judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 16th day of January, 1922, upon the verdict of a jury rendered by direction of the court.

*Eugene W. Leake* [*Edward A. Craighill, Jr.,* with him on the brief], for the appellant.

*Thomas J. O'Neill* [*Leonard F. Fish* and *F. Herbert Wadsworth* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff seeks to recover the amount which he claims is due him under a contract whereby the defendant, in consideration of the plaintiff's agreement to impart certain valuable information, to wit, a way or method of increasing the profits of the defendant's product, known as " Bon Ami," and the reason why this could be done without injuring defendant's trade, promised to pay to the plaintiff one-half of the profits accruing therefrom. The plaintiff claims that he imparted this information; that he informed the defendant of a way or method by which such profits could be increased and that the defendant adopted the plan so suggested and put the same in operation and that thereby the defendant's profits were increased to the amount of $131,364, and asked judgment for one-half thereof. The court at Trial Term, after taking proof of the making of the alleged contract and the subsequent increase in the price of the defendant's product and the quantity sold during the year, directed a verdict for the plaintiff for one-half of the increased price upon the quantity of goods sold. The information which the plaintiff imparted to the defendant was this: Bon Ami was then being sold to the general store trade — the grocers — for ten dollars per gross and the grocers retailed it for ten cents per package. This resulted in a profit of forty-four per cent to the grocers. The plaintiff suggested that this price to the grocers could be raised to ten dollars and fifty cents or ten dollars and eighty cents per gross and the product sold at retail for ten cents per package, whereby the profit to the grocers would be reduced from forty-four per cent to thirty-three and one-third per cent, if the last-named price was put in operation. The plaintiff explained that he had satisfied himself that this could be done by actual experience in relation to a similar but not competing product; that it had been done in the face of keen competition and that the increase in price did not affect the sales. Shortly after the plantiff gave the defendant this information the defendant increased its price one dollar per gross. The trial court has held that this increase is conclusive evidence of the acceptance of the plaintiff's idea and information and would permit no proof to be offered to show that the increase was made necessary by other factors and was not the result of the information imparted by the plaintiff.

The first question which presents itself upon this appeal is, does any consideration exist for the agreement by defendant to pay plaintiff one-half of its increased profits? The plaintiff, according to his complaint, was to impart to the defendant valuable information and this information was to suggest a way or method of

increasing the defendant's profits. When this information was furnished to the defendant it consisted merely of the suggestion that the defendant should increase its price upon its product and thereby an increased profit would result. It is true that the plaintiff stated his experience in that respect and from it drew the conclusion that the defendant could make this increase without disturbing the retail price and without interfering with the sale of its goods. The central idea here, however, was an obvious one. I think it cannot be claimed that the plaintiff had any monopoly of the idea that an increase in price would result in an increase of profits. This was not new, it was not original, and I am at a loss to understand how it could be deemed valuable. When information is offered under these circumstances, the very nature of the offer suggests that the information must be new. To call attention to a fact already known is not imparting information. A case very similar to this was determined by the Connecticut Supreme Court of Errors. (*Masline* v. *New York, N. H. & H. R. Co.*, 95 Conn. 702; 112 Atl. Rep. 639.) In that case the plaintiff told the defendant that he had " information of value in the operation of defendant's road," which he offered to communicate for a valuable consideration. An agreement was made by which the plaintiff was to be paid five per cent of the receipts derived from the use of such information. The information, when communicated to the defendant, was " The selling of advertising space by the defendant and the displaying by it of advertisements on its railway stations, depots, rights of way, cars, and fences." The court held that this was not new and novel information; that the offer presupposed that the information should be some idea conceived by the plaintiff which was not generally known. In this connection, speaking by Gager, J., it is said: " When information is proffered as the consideration for a contract, it is necessarily implied, is indeed of the essence of the proffer, that the information shall be new to the one to whom it is proffered. A statement to one of what he already knows is not as to him information, but merely a statement of a fact already known. The imparting of information in a situation like this, must involve an active process resulting in arousing or suggesting ideas or notions not before existent in the mind of the recipient; otherwise it is not information in the true sense of the term, although it may be a statement of fact." This, it seems, is peculiarly applicable to this case. The plaintiff did tell the defendant a method by which its profits could be increased, but it was not valuable information in the respect that it was new or novel. It merely informed the defendant that by the adoption of an idea known to every person — that by increasing the price — increased profits would result.

The evidence did not show any consideration for the defendant's agreement to pay the plaintiff one-half of its increased profits. This conclusion is supported also by *Bristol* v. *Equitable Life Assurance Society* (52 Hun, 161). The cases cited by the respondent (*Haskins* v. *Ryan,* 75 N. J. Eq. 330, and *Bristol* v. *Equitable Life Assurance Society,* 132 N. Y. 264) do not hold anything to the contrary. In the first case cited it is said: " Undoubtedly ideas, if valuable or even thought to be valuable (supposing them to be such as the law approves of), may be the subject of bargain and sale. They may be the subject of contract, but they must be protected by contract." This is far, however, from saying that the ideas which are the subject of contract must not be new and original. No person can by contract monopolize an idea that is common and general to the whole world. The plaintiff did not prove that the contract was supported by a valuable consideration, and the complaint should have been dismissed. Upon a former appeal to this court this question was not raised. It was assumed that a contract existed between the parties. (See 196 App. Div. 902.)

There is a further reason why the judgment in this case cannot stand. The plaintiff's recovery is dependent upon his plan being adopted and put into operation. The court's attitude at Trial Term was that any increase in price thereafter adopted by the defendant must necessarily be in execution of the plaintiff's plan. In other words, after listening to the plaintiff's statement of his plan the defendant was thereafter debarred from increasing its price without paying the plaintiff one-half of such increase. The defendant was not permitted to give testimony to the effect that an increase in price was under consideration before the plaintiff made his suggestion. It was not permitted to show that the increase in price was not the result of the adoption of the plaintiff's scheme but was the result of commercial conditions which necessitated an increase of price. It is the universal experience of all persons, whether engaged in commerce or not, that the increase in cost of raw materials and the increase in the cost of labor has necessitated an increase in the selling price of nearly all manufactured products. The defendant, unless tied hand and foot by the plaintiff's proposition, was entitled to increase its price as manufacturing conditions required. It would be absurd to hold that after such a proposition had been received it was unable to increase its prices without paying the plaintiff one-half of such increase. Such a holding would absolutely fetter a manufacturer so that he could not conduct his business in his own way without paying tribute to the person who suggested to him that an increase in price would result in increased profits.

I advise that the judgment be reversed on the law and the complaint dismissed, with costs.

BLACKMAR, P. J., and KELBY, J., concur; RICH and KELLY, JJ., vote to reverse upon the law and the facts, and to grant a new trial, because of the rejection of evidence on the question whether the information furnished by plaintiff was a proximate cause of the increase of defendant's profits, and because it was error to direct a verdict.

Judgment reversed on the law and complaint dismissed, with costs.