upon the ground that no authority was shown in said officers either to sell the property or to make a contract for its sale and, therefore, they had no authority to employ plaintiff as broker to procure a purchaser.

*Milton Dammann* and *Maurice R. Roche* for appellant. *Albert S. Wright* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ. Dissenting: CARDOZO and CRANE, JJ. Absent: HISCOCK, Ch. J.

LOUIS H. SOULE, Appellant, *v.* BON AMI COMPANY, Respondent.

*Contract — agreement to pay portion of prospective profits in consideration of the impartation of information as to method of obtaining increased profit on sale of manufactured article — failure to prove profits resulting from change of plan.*

Soule v. *Bon Ami Co.*, 201 App. Div. 794, affirmed.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered July 13, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. The plaintiff sought to recover the amount which he claimed was due him under a contract whereby the defendant, in consideration of the plaintiff's agreement to impart certain valuable information, to wit, a way or method of increasing the profits of the defendant's product, known as " Bon Ami," and the reason why this could be done without injuring defendant's trade, promised to pay to the plaintiff one-half of the profits accruing therefrom. The plaintiff claimed that he imparted this information; that he informed the defendant of a way or method by which such profits could be increased and that the defendant adopted the plan so suggested and put the same in operation and that thereby the defendant's profits were increased to the amount of

39

$131,364, and asked judgment for one-half thereof. The information furnished to the defendant consisted merely of the suggestion that the defendant should increase its price upon its product and thereby an increased profit would result. The Appellate Division held that the information was neither new nor original and, therefore, afforded no consideration for the alleged contract. Also that defendant should have been permitted to show that the increase in price was the result of commercial conditions and not to the adoption of plaintiff's suggestion.

*Thomas J. O' Neill, F. Herbert Wadsworth* and *Leonard F. Fish* for appellant.

*Eugene W. Leake* and *Edward A. Craighill, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN and McLAUGHLIN, JJ.; CARDOZO, POUND, CRANE and ANDREWS, JJ., concur on ground plaintiff failed to prove profits resulting from change of plans. Absent: HISCOCK, Ch. J.

---

HELLEN STAFUTTI, Appellant, *v.* WALTER E. SEXTON, Respondent.

*Real property — tax sales — ejectment — limitation of actions — action of ejectment to recover possession of land sold for taxes cannot be maintained when commenced more than five years after recording of tax deeds.*

*Stafutti* v. *Sexton,* 202 App. Div. 735, affirmed.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was in ejectment. Plaintiff was the owner of certain lots in the village of Mineola. On September 10, 1914, they were sold for taxes to the defendant and on September 10, 1915, they not having been redeemed, deeds therefor were executed to the defendant by the county