DAVID L. KELLER, Appellant, v. AMERICAN CHAIN COMPANY, INC., Respondent.

(Submitted October 24, 1930; decided November 19, 1930.)

*Raymond T. Heilpern, William D. Cunningham* and *Otto C. Sommerich* for appellant. The fact that the employer of plaintiff's assignor was under a duty to repay to the defendant the refunds collected °by it did not impose an obligation on it to disclose the information upon the basis of which the refunds had been collected, nor did it deprive plaintiff's assignor of the right to protect by contract the disclosure to the defendant of the knowledge known to him and not known to the defendant. (Mechem on Law of Agency [2d ed.], §§ 62, 63, 210, 251; *Allegheny College* v. *National Chautauqua Co. Bank,* 246 N. Y. 369; *Hamer* v. *Sidway,* 124 N. Y. 538; *Home Ins. Co.* v. *Watson,* 59 N. Y. 390.) The giving of information is sufficient valuable consideration to support a promise to pay therefor. (*Bristol* v. *Equitable Life Assurance Soc.,* 132 N. Y. 264; *Haskins* v. *Ryan,* 75 N. J. Eq. 330; *Parsons* v. *Robinson,* 15 N. Y. Supp. 138; *McLaughlin* v. *Barnard,* 2 E. D. Smith, 372; *Green* v. *Brooks,* 81 Cal. 328; *Lucas* v. *Pico,* 55 Cal. 126; *Cobb* v. *Cowdery,* 40 Vt. 25; *Chandler* v. *Mason,* 2 Vt. 193; *Reed* v. *Golden,* 28 Kans. 632.)

*LeRoy B. Iserman* for respondent. The employer of plaintiff's assignor was the fiduciary of the defendant and as such owed it a duty of full disclosure of all essential facts. It was not permissible for plaintiff's assignor to

exact a price for the performance of a clear duty and hence the alleged contract was *contra bonos mores* and without consideration. (*Teele* v. *Mayer*, 173 App. Div. 869; 1 Clark New York Law of Contracts, § 336; 1 Mechem on Agency, §§ 1223, 1224; *Ingalls & Stockman* v. *Morgan*, 10 N. Y. 178; *Bennett* v. *Buchan*, 76 N. Y. 386; *Crooks* v. *People's Nat. Bank*, 72 App. Div. 331; 177 N. Y. 68; *Meinhard* v. *Salmon*, 249 N. Y. 458.) The contract was lacking in consideration. After plaintiff's assignor disclosed his information to his employer he had nothing left to sell to the defendant. (*Soule* v. *Bon Ami Co.*, 201 App. Div. 794; *Masiline* v. *N. Y., N. H. & H. R. R. Co.*, 95 Conn. 702.)

CRANE, J. The Archenhold Automobile Supply Company of Waco, Texas, is a jobber in automobile supplies. Gus P. Rosenthal, who is the real party in interest, and, therefore, will be referred to as the plaintiff, was its merchandise and traffic clerk, handling all matters of freight rates and traffic problems for the company. The supply company bought tire chains from the American Chain Company, Inc., a domestic corporation, under arrangements whereby the supply company paid the freight on shipments of chains to it from the defendant and deducted the charges from the amount of the invoices. The seller paid the freight through, and by means of, the purchaser. Whatever the charge happened to be, the purchaser deducted it from its bill and remitted the balance to the seller. Rosenthal discovered the freight charges were too high and that instead of $1.66½ per hundred on minimum car loads of 30,000 pounds, the railroads should have charged $1.19½ per hundred. In corresponding with the railroads as well as by an examination of the tariff schedules, he ascertained this mistake.

William T. Morris was vice-president and general manager of the defendant. Rosenthal met him in Colorado Springs, Colorado, and made him a proposition

to impart certain valuable information for a consideration, whereby the defendant would save money annually in its shipments to the Texas district. He presented a written contract which was not signed. He, however, told Morris that he wanted one-third of the savings and refunds for a period of twenty years, payable monthly. To this Morris assented, according to Rosenthal, who thereupon imparted the information which he had regarding excessive freight rates.

The defendant refusing to recognize any such contract, Rosenthal, through the plaintiff as his assignee, brought this action in the State of New York, claiming one-third of the refunds which the defendant had received, and also one-third of what it was likely to receive in the balance of the twenty years. It appeared upon the trial that the defendant had obtained refunds of $3,384.33, of which one-third was $1,128.11. The jury gave the plaintiff this item, adding $6,000 " for future years, making a total of $7,128.11." The judge set aside the verdict and dismissed the complaint.

On appeal the Appellate Division affirmed the judgment, for reasons hereafter stated.

Counsel in this court has argued that the case for the plaintiff, even if true, did not constitute a valid contract, relying upon *Soule* v. *Bon Ami Co.* (201 App. Div. 794; 235 N. Y. 609) and *Masline* v. *N. Y., N. H. & H. R. R. Co.* (95 Conn. 702). In both these cases it was determined that the plaintiffs' imparted information was nothing new, being an idea open and apparent to every one, and well known for years. The *Soule* case was affirmed in this court on the ground that the plaintiff failed to prove profits as the basis for his recovery. The facts appearing in the present case are much more favorable to the plaintiff than those of these cited cases. The freight rates and groupings upon shipments into various districts were more or less intricate. A book of some size, known as Sedgman's Tariff Classifications, was studied by

Rosenthal, wherein he ascertained that a lower freight rate could be obtained by a different classification of auto chains. He communicated with the railroads and received replies from all but one that the lower rate was correct. This other railroad adhered to the higher rate. Up to the time of Rosenthal's investigation, the defendant had been paying $1.66½ per hundred, or the higher rate. Morris was advised by the plaintiff of all the facts and information which he had obtained, and the correspondence with the railroads was turned over to him. Apparently acting on this information, at least according to the plaintiff's version, the defendant received rebates thereafter of over $3,384.33. Here was sufficient consideration for the promise of Morris in behalf of the defendant to pay one-third of the refunds when obtained and for the contract alleged to have been made. That information may be a valuable consideration for a promise to pay for it finds support in *Bristol* v. *Equitable Life Assur. Soc.* (132 N. Y. 264); *Haskins* v. *Ryan* (75 N. J. Eq. 330); *McLaughlin* v. *Barnard* (2 E. D. Smith, 372); *Green* v. *Brooks* (81 Cal. 328); *Cobb* v. *Cowdery* (40 Vt. 25); *Reed* v. *Golden* (28 Kans. 451).

The difficulty in the plaintiff's case is that his information, although by its nature a sufficient consideration for a contract, failed to be such because of the relation which the plaintiff bore to the defendant. If the information which Rosenthal possessed was such that he should have imparted it to the defendant in the course of their business transactions, there was then no consideration for the contract, and the plaintiff cannot recover. The Appellate Division gave this reason for their affirmance of the dismissal of the complaint.

Passing the question whether this was a Colorado contract, we come to the evidence regarding the duty which Rosenthal owed to the defendant.

As above stated, the American Chain Company, Inc., intrusted the Archenhold Automobile Supply Company

with the money to pay freight charges. When the goods were shipped, the seller did not pay the freight charges in advance, but left it for the consignee or purchaser to settle with the railroad. Performing this duty, the supply company was acting for and on behalf of the shipper. It was an agent of the shipper for this purpose. The amount of the freight bill was taken off of the invoices sent to the supply company by the shipper and the balance remitted in payment for the chains. If there were a reduction or lowering in the freight rate, the defendant was entitled to it; it paid the freight charges through the supply company, and in accordance with statements sent to it by that company. That the relationship was one of trust and confidence, or at least one requiring fair, straightforward and open dealing, is apparent at once, when we ascertain from the evidence that after Rosenthal made his discovery of the overcharge in the freight rates, the Archenhold Automobile Supply Company made a demand upon the railroads for rebates on shipments for the two years then last past. It received these rebates, and failed to turn them over to the defendant. The knowledge of Rosenthal, of course, was the knowledge of his company. He was the freight agent charged with the duty of studying and investigating, routing, and railroad rates. As to these matters, he and his company were one, and he could not take or assume a position antagonistic to his employer's interest or duties. What the supply company was bound to do, he also was obligated to perform. Although he may not have been personally under any duty to communicate with the defendant the information he had acquired regarding the freight rates, neither he nor his employer could make a secret profit out of the defendant by reason of this knowledge. When the supply company received the rebates from the railroad companies, the money belonged to the defendant, and should have been turned over to it at once. In so doing, the supply company

would in the natural course of business have informed the defendant of the source from which the money came, and the reason why it was paid back. The supply company had received rebates from the railroads six to eight months before Rosenthal attempted to bargain with Morris in Colorado Springs. His employer at that time still had the rebates belonging to the defendant. The information which Rosenthal imparted to Morris was none other than the defendant should have had months before from its customer and agent. Under these circumstances Rosenthal could not profit through his employer's default or bind the defendant to a promise based upon a consideration of receiving that to which it was legally entitled.

The judgment should, therefore, be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.