Anthony SANTILLI, Plaintiff-Appellant,

v.

PHILIP MORRIS & CO., Ltd., Inc., Defendant-Appellee.

No. 17, Docket 26196.

United States Court of Appeals Second Circuit.

Argued Sept. 29, 1960.

Decided Oct. 5, 1960.

James P. Malone, Mineola, N. Y., for plaintiff-appellant.

Eugene J. T. Flanagan, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and TUTTLE * and FRIENDLY, Circuit Judges.

TUTTLE, Circuit Judge.

We affirm the judgment of the trial court dismissing the complaint.

This was a suit by Santilli on an alleged express contract of the defendant to compensate him for the disclosure of an idea useful to it in its packaging of cigarettes. As set out in the findings of the trial court:

"1. In 1953 the plaintiff, Anthony Santilli, communicated with

* Sitting by designation.

the defendant, Philip Morris & Co., Ltd., Inc., for the purpose of suggesting an idea for a packaging improvement to be used in the manufacture of cigarettes. The plaintiff received a reply stating that it was the policy of the defendant not to consider unsolicited suggestions unless their submission was 'as part of the attached form letter.' On July 29, 1953 the plaintiff, on the supplied submission form, disclosed his packaging idea to defendant. The signed form letter, with the inclusion of the idea, read as follows:

" 'It is represented that the undersigned has the exclusive right to offer the following suggestion or idea for the purpose hereof:

" 'The idea is to get the cigarette out of package of cig. easly (sic) to have 1 or more cigarettes with the top of the cig. paper lap over about ¼ to ⅜ of one inch or have a piece of cellophane about ⅛ inch wide put under the cig. to pull out same.

" 'This idea or suggestion is offered without solicitation on your part, and you may examine the same and make disclosure thereof. It is understood that the use to be made of it and the compensation, if any, to be paid therefor are matters resting solely in your discretion.'

\* \* \* \* \* \*

"2. On August 3, 1953, the defendant replied to the plaintiff that 'Our Advertising Counsel and Planning Committees have given your thought consideration. \* \* \* We must formulate and schedule our advertising plans far in advance. \* \* Unfortunately your suggestion does not fit into our present plans."

The plaintiff alleged that several years later Philip Morris constructed a package on a machine built by a foreign manufacturer that embodies the "idea" submitted by Santilli.

The court found that at the time of Santilli's submission the idea was not new, but had been used by this defendant in 1935 and the basic idea had been known to the cigarette industry long before 1953. The court found also that the manufacturer of the machine used to embody the "self-starter" idea in question, developed it without "suggestion, assistance or request from defendant or any of its employees," and that Santilli's "suggestion played no part in the adoption of this self-starter by defendant."

The court held that "the offer of plaintiff's idea, since that idea was not new, novel or practical, would not support a finding of any contract or the incurring of any liability," citing Soule v. Bon Ami Co., 201 App.Div. 794, 195 N.Y.S. 574, affirmed 235 N.Y. 609, 139 N.E. 754; Singer v. Karron, 162 Misc. 809, 294 N.Y. S. 566; 1 Williston on Contracts, Sec. 115 at 457 (3d Ed.).

Whether the trial court was strictly accurate in stating that under New York law there was no contract, cf. Keller v. American Chain Co., 255 N.Y. 94, 97, 174 N.E. 74, is unimportant for there can be no doubt about the correctness of the finding that the absence of novelty prevented the "incurring of \* \* \* liability" under the facts as found. If there was a contract, it was one relating to an idea which the plaintiff represented himself to have "the exclusive right to offer." Since an old and well known idea could not be such as was bargained for, there was, of course, no performance of the contract, if one existed. Without performance on his part, Santilli had no cause of action for compensation. See, in general on the requirement that in seeking compensation for an idea, the idea must be novel and useful: Lueddecke v. Chevrolet Motor Co., 8 Cir., 70 F.2d 345; Masline v. New York, N. H. & H. R. Co., 95 Conn. 702, 711; 112 A. 639, 641, 642.

The judgment is affirmed.