## BETENS v CASINO CONSULTANTS, INC.

### Case No. 85 204 AP

Eleventh Judicial Circuit, Appellate Division, Dade County
January 20, 1987

### APPEARANCES OF COUNSEL

**Bret Shawn** for appellant.

**Richard O'Hara** for appellee.

Before TENDRICH, ROBINSON, BLOOM, JJ.

### OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

The Plaintiff, SAUL BETENS, sued CASINO CONSULTANTS, INC. under the Rules of Summary Procedure for $2500 for breach of contract and alternative causes of action. Judgment was summarily granted by the Trial Court during the Plaintiff's testimony. The record is not clear as to the basis of its ruling as the Defendant had raised a number of defenses including lack of jurisdiction, no enforceability of the contract and non-uniqueness of the idea which constituted the Plaintiff's consideration.

The contract proffered though not introduced into evidence reads as follows:

## "AGREEMENT

This will acknowledge discussion and presentation of your merchandising and sales promotion program to get gambling customers to come to our Cable Beach Casino.

In the event we want to proceed with your program, we agree to pay you $2,500 for its implementation, plus 50 cents for each patron your program brings to our casino for the next 15 months.

For this fee, you agree to set up the procedures needed to implement the same.

Immediately following this meeting/discussion, you agree to send us a summation and outline of your program.

In the event we do not want to proceed with your plan, following its presentation, we shall be under no obligation to you, other than agreeing not to utilize the same or any part thereof."

Though there is no Florida case reaching the issues of this case, a number of similar cases have been decided throughout the country. Most cases discuss the existence of implied contract or the tort of wrongful appropriation of an idea. It seems clear that one can contract to provide an idea in return for compensation. See *Stanley v. Columbia Broadcasting System*, 35 Cal. 2d 653, 221 P. 2d 73 (1950) (dissenting opinion). The general principle is well stated there as follows:

"Even though an idea is not property subject to exclusive ownership, its disclosure may be of substantial benefit to the person to whom it is disclosed. That disclosure may therefore be consideration for a promise to pay. *Bristol v. Equitable Life Assur. Soc.*, 132 N.Y. 264, 267, 30 N.E. 506, 28 Am. st. Rep. 568; *Moore v. Ford Motor Co.*, 2 Cir. 43 F.2d 685, 686. Unlike a copyright, a contract creates no monopoly; it is effective only between the contracting parties; it does not withdraw the idea from general circulation. Any person not a party to the contract is free to use the idea without restriction.

Even though the idea disclosed may be 'widely known and generally understood', *Schonwald v. F. Burkart Mfg. Co.*, 356 Mos. 435, 202 S.W. 2d 7, 13, it may be protected by an express contract providing that it will be paid for regardless of its lack of novelty. *Brunner v. Stix, Baer & Fuller Co.*, 325 Mo. 1225, 1237, 181 S.W. 2d 643; *High v. Trade Union Courier Pub. Co.*, Sup., 69 N.Y. S 2d 526, 529. . . . Even an express contract to pay for 'valuable information' to be

submitted by the plaintiff does not carry the implication of a promise to pay if it is found upon disclosure to be common knowledge. *Masline v. New York, New Haven & Hartford R. Co.*, 95 Conn. 702, 708, 112 A. 639. If the idea is not novel, the evidence must establish that the promisory agreed expressly or impliedly to pay for the idea whether or not it was novel, *Masline v. New York, New Haven & Hartford R. Co..*, supra; *Soule v. Bon Ami Co.*, 235 N.Y. 609, 139 N.E. 754."

The idea may be protected if it is new information to the person to whom it is proffered. 112 A. at 639, 642.

"To furnish a consideration for a contract of this kind the plaintiff must upon his proposition either offer a new idea to be protected by the contract or, if the idea is common, he must present a specific method of his own for the use and application by the defendant of the common idea." 112 A. 639, 642.

An idea is a "protected property right when it is definite and concrete, new and novel, has usefulness and is disclosed for commercial purposes in circumstances which the parties ought reasonably to construe as contemplating compensation for its use". *Hamilton Nat. Bank v. Belt*, 210 F. 2d 706, 709 (*Dist. Columbia 1953*).

Questions in this case that must be answered include, was the idea of the Plaintiff one of common knowledge? Was the idea used by the Defendant? Was the information in the idea something that the Defendant did not know before the idea's communication? Did the Defendant at any time acknowledge the usefulness of the idea?

These are questions that must be addressed at the trial level. The Court's judgment appears to have been based on either lack of state jurisdiction or insufficiency of proof or enforceability of a non-uniqueness idea without a contract.

The judgment is reversed and the case is remanded for a new trial to be conducted according to the principles of case law cited herein.

The cross-appeal for attorney's fees is dismissed.

TENDRICH and BLOOM, JJ., concur.