OPINION OF THE COURT
 

 Simons, J.
 

 Defendant, an investment bank, seeks to avoid an agreement to purchase plaintiffs’ idea for issuing and selling municipal bonds. Its principal contention is that plaintiffs had no property right in the idea because it was not novel and, therefore, consideration for the contract was lacking. For reasons which follow, we conclude that a showing of novelty is not required to validate the contract. The decisive question is whether the idea had value, not whether it was novel.
 

 I
 

 In 1982, plaintiffs, an investment banker and a lawyer,
 
 *474
 
 approached defendant’s predecessor with a proposal for issuing municipal securities through a system that eliminated paper certificates and allowed bonds to be sold, traded, and held exclusively by means of computerized "book entries”. Initially, the parties signed a confidentiality agreement that allowed defendant to review the techniques as detailed in a 99-page summary. Nearly a month of negotiations followed before the parties entered into a sale agreement under which plaintiffs conveyed their rights to the techniques and certain trade names and defendant agreed to pay a stipulated rate based on its use of the techniques for a term from October 1982 to January 1988. Under the provisions of the contract, defendant’s obligation to pay was to remain even if the techniques became public knowledge or standard practice in the industry and applications for patents and trademarks were denied. Plaintiffs asserted that they had not previously disclosed the techniques to anyone and they agreed to maintain them in confidence until they became public.
 

 From 1982 until 1985, defendant implemented the contract, although the parties dispute whether amounts due were fully paid. Defendant actively encouraged bond issuers to use the computerized "book entry” system and, for at least the first year, was the sole underwriter in the industry employing such a system. However, in 1985, following a change in personnel, defendant refused to make any further payments. It maintained that the ideas conveyed by plaintiffs had been in the public domain at the time of the sale agreement and that what plaintiffs sold had never been theirs to sell. Defendant’s attempts to patent the techniques proved unsuccessful. By 1985, investment banks were increasingly using computerized systems, and by 1990 such systems were handling 60% of the dollar volume of all new issues of municipal securities.
 

 Plaintiffs commenced this litigation seeking $45 million in compensatory and punitive damages. They asserted 17 causes of action based on theories of breach of contract, breach of a fiduciary duty, fraud, various torts arising from defendant’s failure to obtain patents, and unjust enrichment. Defendant’s answer interposed defenses and counterclaims for breach of contract, breach of warranty, waiver, fraud, estoppel, laches, mutual mistake, rescission, and a lack of consideration. Plaintiffs then moved for partial summary judgment, defendant cross-moved for summary judgment dismissing the complaint, and plaintiffs responded with a motion seeking dismissal of the affirmative defenses.
 

 
 *475
 
 Supreme Court concluded that triable issues existed on the questions of whether defendant breached the contract by refusing to make payments and whether plaintiffs committed a breach by allegedly disclosing the techniques to another company. The court also found defendant had raised a triable issue on whether plaintiffs had partially waived their right to payment by forgoing certain claims to compensation. The remainder of the pleadings were found to be legally insufficient. Accordingly, the court dismissed all the causes of action except the first, which alleges breach of contract, and struck all defendant’s defenses and counterclaims except those relating to breach of contract and the partial defense of waiver. The Appellate Division modified the order by reinstating defendant’s claim that the sale agreement lacked consideration. It held that novelty was required before an idea could be valid consideration but concluded that the question was one of fact to be decided at trial. It also reinstated the cause of action for unjust enrichment, holding that the presence of an express contract did not foreclose recovery on a theory of quasi contract.
 

 On this appeal, defendant’s principal contention is that no contract existed between the parties because the sale agreement lacked consideration. Underlying that argument is its assertion that an idea cannot be legally sufficient consideration unless it is novel. Defendant supports that proposition by its reading of such cases as
 
 Downey v General Foods Corp.
 
 (31 NY2d 56),
 
 Soule v Bon Ami Co.
 
 (201 App Div 794,
 
 affd
 
 235 NY 609), and
 
 Murray v National Broadcasting Co.
 
 (844 F2d 988,
 
 cert denied
 
 488 US 955). Plaintiffs insist that their system was indeed novel, but contend that, in any event, novelty is not required to validate the contract at issue here.
 

 II
 

 Defendant’s cross motion for summary judgment insofar as it sought to dismiss the first cause of action alleging breach of contract was properly denied. Additionally, plaintiffs’ motion to dismiss the lack of consideration defenses and counterclaims should be granted.
 

 Under the traditional principles of contract law, the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value
 
 (see, Spaulding v Benenati,
 
 57 NY2d 418;
 
 Hamer v Sidway,
 
 124 NY 538; 3 Williston, Contracts § 7:21, at 390 [Lord 4th ed];
 
 *476
 
 Restatement [Second] of Contracts § 74, comment
 
 e;
 
 § 79, comment
 
 c).
 
 Absent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny
 
 (Spaulding v Benenati, supra,
 
 at 423). It is enough that something of "real value in the eye of the law” was exchanged
 
 (see, Mencher v Weiss,
 
 306 NY 1, 8;
 
 see also, Weiner v McGraw-Hill, Inc.,
 
 57 NY2d 458, 464). The fact that the sellers may not have had a property right in what they sold does not, by itself, render the contract void for lack of consideration
 
 (see, Wahl v Barnum,
 
 116 NY 87, 95 [relinquishment of disputed claim is valid consideration even though claim is in fact invalid];
 
 Spaulding v Benenati, supra,
 
 at 423 ["expectancy that customers will return to the seller’s former location” is legally sufficient consideration];
 
 see also,
 
 Restatement [Second] of Contracts § 74, comment
 
 e
 
 [contract for quitclaim deed valid, even though seller has no interest in the property]; 3 Williston, Contracts § 7:21, at 391 [Lord 4th ed]).
 

 Manifestly, defendant received something of value here; its own conduct establishes that. After signing the confidentiality agreement, defendant thoroughly reviewed plaintiffs’ system before buying it. Having done so, it was in the best position to know whether the idea had value. It decided to enter into the sale agreement and aggressively market the system to potential bond issuers. For at least a year, it was the only underwriter to use plaintiffs’ "book entry” system for municipal bonds, and it handled millions of such bond transactions during that time. Having obtained full disclosure of the system, used it in advance of competitors, and received the associated benefits of precluding its disclosure to others, defendant can hardly claim now the idea had no value to its municipal securities business. Indeed, defendant acknowledges it made payments to plaintiffs under the sale agreement for more than two years, conduct that would belie any claim it might make that the idea was lacking in value or that it had actually been obtained from some other source before plaintiffs’ disclosure.
 

 Thus, defendant has failed to demonstrate on this record that the contract was void or to raise a triable issue of fact on lack of consideration.
 

 Ill
 

 Defendant’s position rests on
 
 Downey v General Foods Corp.
 
 (31 NY2d 56,
 
 supra)
 
 and
 
 Soule v Bon Ami Co.
 
 (235 NY 609,
 
 *477
 

 affg
 
 201 App Div 794,
 
 supra)
 
 and similar decisions. It contends those cases establish an exception to traditional principles of contract law and require that the idea must be novel before it can constitute valid consideration for a contract. While our cases have discussed novelty as an element of an idea seller’s claim, it is not a discrete supplemental requirement, but simply part of plaintiffs proof of either a proprietary interest in a claim based on a property theory or the validity of the consideration in a claim based on a contract theory
 
 (see generally,
 
 3 Nimmer, Copyright, ch 16).
 

 In
 
 Downey,
 
 plaintiff submitted an idea for an advertising campaign. A short time later, defendant General Foods mounted a campaign that was similar to the one plaintiff had suggested and plaintiff sought damages in a complaint alleging several theories for recovery
 
 (see,
 
 37 AD2d 250). We ordered the dismissal of the complaint on two separate grounds: first, the lack of novelty and, second, defendant’s prior possession of the idea — i.e., its lack of novelty as to defendant
 
 (Downey,
 
 31 NY2d, at 61-62). To the extent plaintiff’s causes of action were grounded on assertions of a property right, we found that they were untenable "if the elements of novelty and originality [were] absent, since the property right in an idea is based upon these two elements”
 
 (id.,
 
 at 61). Second, we concluded that the defendant possessed plaintiff’s ideas prior to plaintiff’s disclosure. Thus, the ideas could have no value to defendant and could not supply consideration for any agreement between the parties
 
 (see, Ferber v Sterndent Corp.,
 
 51 NY2d 782).
 

 In
 
 Soule v Bon Ami Co.
 
 plaintiff made an express contract with Bon Ami to disclose a way to increase profits. The idea consisted largely of a proposal to raise prices. The Appellate Division, in a frequently cited opinion, denied plaintiff any recovery, finding that the bargain lacked consideration because the idea was not novel. This Court affirmed but it did so on a different basis: it held that plaintiff had failed to show that profits resulted from the disclosure.
 

 These decisions do not support defendant’s contention that novelty is required in all cases involving disclosure of ideas. Indeed, we have explicitly held that it is not
 
 (see, Keller v American Chain Co.,
 
 255 NY 94).
 
 Downey, Soule
 
 and cases in that line of decisions involve a distinct factual pattern: the buyer and seller contract for
 
 disclosure
 
 of the idea with payment based on use, but no separate postdisclosure contract
 
 *478
 
 for
 
 use
 
 of the idea has been made. Thus, they present the issue of whether the idea the buyer was using was, in fact, the seller’s.
 

 Such transactions pose two problems for the courts. On the one hand, how can sellers prove that the buyer obtained the idea from them, and nowhere else, and that the buyer’s use of it thus constitutes misappropriation of property? Unlike tangible property, an idea lacks title and boundaries and cannot be rendered exclusive by the acts of the one who first thinks it. On the other hand, there is no equity in enforcing a seemingly valid contract when, in fact, it turns out upon disclosure that the buyer already possessed the idea. In such instances, the disclosure, though freely bargained for, is manifestly without value. A showing of novelty, at least novelty as to the buyer, addresses these two concerns. Novelty can then serve to establish both the attributes of ownership necessary for a property-based claim and the value of the consideration — the disclosure — necessary for contract-based claims.
 

 There are no such concerns in a transaction such as the one before us. Defendant does not claim that it was aware of the idea before plaintiffs disclosed it but, rather, concedes that the idea came from them. When a seller’s claim arises from a contract to use an idea entered into
 
 after
 
 the disclosure of the idea, the question is not whether the buyer misappropriated property from the seller, but whether the idea had value to the buyer and thus constitutes valid consideration. In such a case, the buyer knows what he or she is buying and has agreed that the idea has value, and the Court will not ordinarily go behind that determination. The lack of novelty, in and of itself, does not demonstrate a lack of value
 
 (see, Keller v American Chain Co.,
 
 255 NY 94,
 
 supra).
 
 To the contrary, the buyer may reap benefits from such a contract in a number of ways — for instance, by not having to expend resources pursuing the idea through other channels or by having a profit-making idea implemented sooner rather than later. The law of contracts would have to be substantially rewritten were we to allow buyers of fully disclosed ideas to disregard their obligation to pay simply because an idea could have been obtained from some other source or in some other way.
 

 IV
 

 Having found that defendant’s counterclaims and defenses challenging the existence of a valid contract should be
 
 *479
 
 stricken, we further conclude that the Appellate Division erred in reinstating plaintiffs’ seventh cause of action, which alleged unjust enrichment on a quasi-contract theory. The transaction is controlled by the express agreement of the parties and their rights and liabilities are to be determined solely on theories of breach of contract and the partial defense of waiver
 
 (see, Miller v Schloss,
 
 218 NY 400, 408-409).
 

 V
 

 We have reviewed the remaining contentions of the parties and find them without merit.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, in accordance with this opinion, and, as so modified, affirmed, and the certified question answered in the negative.
 

 Chief Judge Kaye and Judges Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
 

 Order modified, etc.