**U.S. ENGINE PRODUCTION, INC. et al., Plaintiffs,**

v.

**AGCS MARINE INSURANCE COMPANY et al., Defendants.**

**No. 11 Civ. 0155(VM).**

United States District Court, S.D. New York.

March 7, 2011.

---

Thomas Michael Grasso, Martin F. Casey, Casey & Barnett, LLC, New York, NY, for Plaintiffs.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs U.S. Engine Production, Inc. and Hana Cohen ("Plaintiffs") brought this action against defendants AGCS Marine Insurance Company and Starr Indemnity & Liability Company ("Defendants") to obtain payment of insurance proceeds for the alleged loss of a vessel which was the subject of a yacht insurance policy issued by Defendants on or about January 7, 2010 ("Policy"). In lieu of an answer, by letter-brief dated March 3, 2011 (the "Motion"), the Defendants requested that the Court: (1) stay this proceeding; (2) enforce the arbitration clause in the Policy; and (3) refer the matter to arbitration under the Federal Arbitration Act, 9 U.S.C. § 3. Plaintiffs submitted a letter-brief opposing the Motion.

In addition, by subsequent letter, Plaintiffs requested permission to apply pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure ("Rule 4(d)(2)") for costs and fees incurred because of Defendants' failure to waive service of process ("Rule 4(d)(2) Letter"). In response, by letter dated March 4, 2011, Defendants agreed to pay Plaintiffs the process service fees upon submission of proper invoices, but declined to reimburse Plaintiffs for paralegal or attorneys' fees relating to the waiver of service or the preparation of the Rule 4(d)(2) Letter.

For the reasons set forth below, the Court DENIES the Motion. Furthermore, treating the Rule 4(d)(2) Letter as constituting a motion for fees and costs incurred in connection with service of process, the Court GRANTS that motion in part.

## I. *BACKGROUND*

On March 2, 2011, the parties stipulated to certain facts upon which Defendants' previous counsel, John T. Lillis ("Lillis") of the law firm Kennedy Lillis Schmidt & English, would have testified had he been deposed. The parties stipulated that on January 5, 2011, Lillis received an e-mail from Plaintiffs' attorney, Martin Casey ("Casey") of the law firm Casey & Barnett LLC, inquiring "whether [Defendants'] principals would be amendable to litigating the claim in SDNY rather than via AAA Arbitration." (Stipulation ¶ 7.) The parties further stipulated that on January 6, 2011, Lillis and Casey "spoke by telephone, at which time Mr. Lillis informed Mr. Casey that his clients agreed to litigate plaintiffs' claim in the Unites States District Court for the Southern District of New York" and that Lillis agreed to accept service on behalf of the Defendants. (Stipulation ¶¶ 8–9.) "On Monday, January 10, 2011, Mr. Lillis received a copy of the Complaint, the Summonses, and Waiver of Service forms from Casey & Barnett LLC by

email." (Stipulation ¶ 11.) On January 10, 2011, Hill Rivkins LLP were substituted for "Kennedy Lillis Schmidt & English as counsel for defendants." (Stipulation ¶ 12.)

## II. *MODIFICATION OF THE POLICY*

Defendants assert that the agreement between Lillis and Casey was not a modification of the Policy but rather a waiver of the arbitration clause that was later rescinded. In support of this contention, Defendants argue that there was insufficient consideration and a lack of mutuality or *quid pro quo* between the parties to sustain a finding that a modification occurred. The Court disagrees.

Consideration consists of "some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." *Joao v. Cenuco, Inc.,* 376 F.Supp.2d 380, 384 n. 4 (S.D.N.Y.2005) (citing *Anonymous v. Anonymous,* 784 N.Y.S.2d 918 (Sup.Ct. N.Y.Cnty.2004)). Contrary to Defendants' restrictive notion of consideration, under principles of contract law, parties to a contract are entitled to make their own bargain, "even if the consideration exchanged is grossly unequal or of dubious value." *Apfel v. Prudential–Bache Sec. Inc.,* 81 N.Y.2d 470, 600 N.Y.S.2d 433, 616 N.E.2d 1095, 1097 (1993). Therefore, "[t]he 'adequacy of the consideration,' or the value of the forbearance, 'is not a proper subject for the court's review.'" *Ferguson v. Lion Holdings, Inc.,* 312 F.Supp.2d 484, 495 (S.D.N.Y.2004) (citations omitted).

Here, both parties agreed to forebear on their right to enforce the Policy's arbitration clause—a fact that is not disputed by Defendants. Plaintiffs contend that but for that agreement, they would not have filed suit in this Court. As a result, Plaintiffs have incurred fees and

expenses associated with filing and serving the complaint and opposing the Motion. The Court is therefore persuaded that sufficient consideration exists to modify the Policy's arbitration clause and that the action should proceed in this Court.

### III. COSTS AND FEES ASSOCIATED WITH EFFECTING SERVICE

■ Plaintiffs move under Rule 4(d)(2) for an award of costs, paralegal and attorneys' fees, including those incurred in preparing the Fee Request Letter. Rule 4(d)(2) provides that:

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2). Because Defendants originally agreed to waive service of process, which they later rescinded upon the appointment of Kennedy Lillis Schmidt & English, Plaintiffs were required to use formal methods to serve process on the Defendants.

Pursuant to Rule 4(d)(2), Plaintiffs are entitled to an award of costs incurred in effecting service (i.e., the process server fee and associated ancillary costs), and Defendants have agreed to pay such amount upon submission of proper invoices. Plaintiffs are further allowed *reasonable* fees for the portion of counsel's time attributed to preparing the Rule 4(d)(2) Letter to recover the costs of effecting service. *See* Fed.R.Civ.P. 4(d)(2); *Bozell Grp., Inc. v. Carpet Co-op of Am. Ass'n, Inc.*, No. 00 Civ. 1248, 2000 WL 1523282, at *4 (S.D.N.Y. Oct. 11, 2000). However, any attorneys' fees incurred in the process of

effecting service are not recoverable under Rule 4(d)(2). *See Lozano v. Peace*, No. 05 Civ. 0174, 2005 WL 1629644, at *3 (E.D.N.Y. July 11, 2005); *see also Morales v. SI Diamond Tech., Inc.*, No. 98 Civ. 8309, 1999 WL 144469, at *3 (S.D.N.Y. Mar. 17, 1999) (denying attorney's fees incurred in effecting service after waiver refusal). Although Plaintiffs seek $1,027.50 in costs and fees, they have not provided the Court with invoices delineating the relevant billing entries for time spent in preparation of the Rule 4(d)(2) Letter. Accordingly, upon submission of a schedule properly detailing and breaking down such amounts that should be afforded to Plaintiffs consistent with this Decision and Order, the Court will award Plaintiffs such reasonable costs and fees to the extent allowed under Rule 4(d)(2).

### IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 12) of defendants AGCS Marine Insurance Company and Starr Indemnity & Liability Company ("Defendants") to stay this action and refer the matter to arbitration under the Federal Arbitration Act, 9 U.S.C. § 3 is DENIED; and it is further

**ORDERED** that Defendants shall file an answer or otherwise move with respect to the complaint within twenty-one (21) days of the date of this Decision and Order; and it is further

**ORDERED** that the *motion* of plaintiffs U.S. Engine Production, Inc. and Hana Cohen ("Plaintiffs") for costs and fees incurred due to Defendants' failure to waive service of process that the Court has deemed contained in Plaintiffs letter of March 3, 2011 (Docket No. 14) is GRANTED in part; and it is further

630

**ORDERED** that Plaintiffs shall submit a schedule detailing the reasonable costs and fees allowable under Rule 4(d)(2) of the Federal Rules of Civil Procedure within seven (7) days of the date of this Decision and Order.