**U.S. ENGINE PRODUCTION, INC. et al., Plaintiffs,**

v.

**AGCS MARINE INSURANCE COMPANY et al., Defendants.**

**No. 11 Civ. 0155(VM).**

United States District Court, S.D. New York.

March 11, 2011.

Thomas Michael Grasso, Martin F. Casey, Casey & Barnett, LLC, New York, NY, for Plaintiffs.

Anthony J. Pruzinsky, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By letter dated March 3, 2011, plaintiffs U.S. Engine Production, Inc. and Hana Cohen ("Plaintiffs") requested permission to apply pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure ("Rule 4(d)(2)") for costs and fees incurred because of defendants AGCS Marine Insurance Company's and Starr Indemnity & Liability Company's ("Defendants") failure to waive service of process. By Decision and Order dated March 7, 2011, 769 F.Supp.2d 626, 2011 WL 855807 ("Order"), the Court granted the Plaintiffs' request in part.

■ In accordance with the Order, on March 10, 2011, Plaintiffs submitted a schedule detailing the costs and attorneys' fees they incurred in effecting formal service of process on the Defendants. Specifically, Plaintiffs request: (1) $572.50 with respect to process server costs, including the costs incurred for the use of a paralegal to (i) effect service on one of the defendants and (ii) prepare and file affidavits of service on ECF, and (2) $450 in attorneys' fees related to time spent preparing a motion to recover the costs of effecting service. By letter dated March 11, 2011, Defendants indicated that they were amenable to paying Plaintiffs the $572.50 in connection with the process server costs and related paralegal fees. Because Defendants do not object to such request, the Court awards Plaintiffs $572.50 for costs associated with effecting service.

■ Defendants, however, claim that the request for attorneys' fees should be disallowed as unnecessary. The Court disagrees. Defendants' argument lacks merit for the reasons previously stated in the Order.[1] Although Plaintiffs request $450 for the one and a half hours spent on preparing such motion, the Court finds that recovery for one hour of work at a billing rate of $300 per hour for a total of

---

1. The Court notes its dismay by the excessive litigation costs, which will ultimately be passed on to the client, over an issue that is valued at no more than a few hundred dollars.

$300 is reasonable under the circumstances. *See, e.g., A I Marine Adjusters, Inc. v. M/V Siri Bhum*, No. 05 Civ. 7227, 2007 WL 760415, at *7 (S.D.N.Y. Feb. 8, 2007) (finding that recovery for one hour of work for attorney time spent in preparing a motion to recover costs, in the amount of $230, is reasonable); *Ferguson v. Interpublic Grp., Inc.*, No. 97 Civ. 3064, 1998 WL 150661, at *2 (S.D.N.Y. Mar. 30, 1998) (finding one and a quarter hours at a rate of $225.00 per hour to be a reasonable amount of time expended in preparing motion to recover costs by an attorney). Accordingly, pursuant to Rule 4(d)(2), the Court awards Plaintiffs $300 in attorneys' fees plus an additional $572 for costs incurred in connection with service of process, for a sum of $872.50.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendants AGCS Marine Insurance Company and Starr Indemnity & Liability Company, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, is directed to pay costs and attorneys' fees in the amount of $872.50 to plaintiffs U.S. Engine Production, Inc. and Hana Cohen.

**SO ORDERED.**