## Rejuvenation Props. LLC v Braito Group LLC

2024 NY Slip Op 33879(U)

October 29, 2024

Supreme Court, New York County

Docket Number: Index No. 651936/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** **11M** |
| | *Justice* | |

---------------------------------------------------------------------------------X

REJUVENATION PROPERTIES LLC,

                              Plaintiff,

                        - v -

THE BRAITO GROUP LLC, PETER J. BRAITO

                          Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651936/2023 |
| **MOTION DATE** | 06/21/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                                 DISMISS                    .

     The instant action arises out of allegations that defendants breached project management agreement. Defendants move to dismiss the complaint in its entirety as against defendant Peter J. Braito, and dismissal of the Second and Third Counts of the complaint as against defendant The Braito Group LLC. After the filing of the instant motion, plaintiff filed an amended complaint and opposed the motion. For the reasons set forth below, defendants' motion to dismiss is granted.

     Preliminarily, the Court rejects plaintiff's contention that the filing of its amended complaint moots out defendants' motion to dismiss, the motion and reply will be applied to the allegations in the amended complaint.

     It is undisputed that in January 2022, plaintiff and defendant, The Braito Group, entered into a contract in which defendant was required to provide project management services. Plaintiff alleges that defendants failed to timely complete the project and causing plaintiff to incur penalties.

**651936/2023 Motion No. 001**
                                  **Page 1 of 5**

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD.2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id.*

"In a motion to dismiss pursuant to CPLR 3211 (a) (1), the defendant has the burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fortis Fin. Servs., LLC v Fimat Futures USA, Inc.*, 290 AD2d 383, 383 [1st Dept 2002] internal quotations and citations omitted). Further, dismissal pursuant to CPLR § 3211(a)(1) is warranted where documentary evidence "conclusively establishes a defense to the asserted claims as a matter of law." *Gottesman Co. v A.E.W, Inc.*, 190 AD3d 522, 24 [1st Dept 2021].

### Breach of Contract-First Cause of Action

To state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 A.D.3d 49, 58 [1st Dept 2013].

Defendants seek dismissal of this cause of action on the grounds that Mr. Braito was not a party to the contract. A liberal reading of the pleadings illustrates that the amended complaint fails

to state a cause of action for breach of contract as against individual defendant, Peter J. Braito. The agreement that is the subject of this litigation is made between two corporate entities, specifically plaintiff and defendant The Braito Group. *See* NYSCEF Doc. 16. Notably, plaintiff does not oppose the portion of defendants' motion that seeks dismissal of this cause of action, rather the opposition argues that the remaining causes of action survive as against Mr. Braito. Accordingly, plaintiff's first cause of action is dismissed as against defendant Peter J. Braito.

### *Fraudulent Inducement -Second Cause of Action*

"For a fraudulent inducement cause of action to be viable, it must be demonstrated that there was a false representation, made for the purpose of inducing another to act on it, and that the party to whom the representation was made *justifiably* relied on it and was damaged. *Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 495 [1st Dept 2011]. Further, CPLR § 3016(b) provides that when a cause of action is based upon fraud "the circumstances constituting the wrong shall be stated in detail."

The amended complaint and the opposition to the instant motion contain conclusory allegations that defendants misrepresented material facts. Specifically, the amended complaint alleges that defendants misrepresented the ability to timely perform the contract, which is duplicative of the breach of contract claim. Further, the allegation that defendants misrepresented a relationship with the property manager is conclusory as to the alleged misrepresentations made as well as whether plaintiff was justified in its reliance of the alleged misrepresentations. Accordingly, plaintiff's second cause of action, fraudulent inducement, is dismissed in its entirety.

### *Promissory Estoppel -Third Cause of Action*

Defendant seeks dismissal of the quasi-contractual claims asserted against it. The first cause of action is for breach of contract and the third cause of action is a quasi-contract cause of

action seeking relief for the same transactions as the breach of contract cause of action. The amended complaint contains the same factual allegations and seeks the same relief under both causes of action. Further, it is undisputed that the subject agreement constitutes to the contractual relationship between the parties. Thus, the third cause of action is duplicative of the breach of contract cause of action and is therefore dismissed. *Apfel v Prudential-Bache Sec., Inc.*, 81 NY2d 470, 479 [1993](Appellate Division erred in reinstating plaintiffs' unjust enrichment claim on a quasi-contract theory. The transaction is controlled by the express agreement of the parties and their rights and liabilities are to be determined solely on theories of breach of contract). The Court has reviewed the plaintiff's remaining contentions and finds them unavailing. Accordingly, it is hereby

ORDERED that the amended complaint is dismissed in its entirety as against defendant Peter J. Braito, and the Clerk of the Court is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendant, except that the second and third causes of action are dismissed as against the remaining defendant; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

[* 4]

ORDERED that such service upon the Clerk of the Court and the Clerk of the General

Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

*Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-

Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20241029171310LFRANKE4ADA78E078E4DBABA91B2E4E737B0DF

| 10/29/2024 | | | |
|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |